CITY OF BARRE *v.* PERRY & SCRIBNER.

January Term, 1909.

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 2, 1909.

*Municipal Corporations—Ordinances—Publication—Necessity—*
*Constitutional Law—Curative Statutes—Validity and*
*Effect—Legislative Control of Municipal Corporations—*
*Waterworks—Franchise to Private Individuals—Licenses—*
*Revocation.*

Strictly speaking, a municipal ordinance is an expression of the munic-
ipal will affecting the conduct of the inhabitants generally, or of a
number of them under some general designation.

Under the charter of the city of Barre, No. 165, Acts 1894, vesting the
administration of municipal affairs in the mayor and board of
aldermen, and empowering the council, consisting of the mayor
and the board of aldermen, to make ordinances and bylaws
relating to a supply of water for fire protection and other pur-
poses, a grant to a firm of the privilege to install a system of pipes
through the streets of the city to convey water to the inhabitants
thereof may be by "resolution" of the board of aldermen, ap-
proved by the mayor, and need not be by "ordinance."

Where a municipal act has all the requisites of an ordinance, the
name given it, or the form in which it is cast, is ordinarily of
little importance.

Where publication of ordinances and bylaws is required by a city
charter, a failure to publish will generally invalidate them.

The Legislature may, by a subsequent act, confirm what it might have
authorized in the first instance.

As the Legislature may authorize a city to grant to a firm the privilege
of installing and maintaining a system of waterworks in its streets,
it may, by subsequent enactment, confirm such a grant previously
made by the city without authority.

No. 145, Acts 1896, amending the charter of the city of Barre and re-
quiring every person owning water pipes laid in the streets of that
city to file with its clerk a survey showing location thereof, and

prohibiting any person from thereafter laying any pipes within the city until the filing of such survey, is such a legislative recognition of the rights of a firm owning pipes laid in the streets of the city to supply water to its inhabitants that the city cannot question its permit granting that right to the firm, and leaves the future relations of the parties to be determined by the terms of the grant, the conditions imposed by said act, and the city's general powers of regulation.

Under §55, No. 165, Acts 1894, the charter of the city of Barre, authorizing the council to make ordinances, regulations and bylaws to provide a water supply, the city cannot grant to a firm the privilege of maintaining, in perpetuity, a system of waterworks in its streets.

A grant by the city of Barre pursuant to §55 of its charter, No. 165, Acts 1894, of the right to maintain in the streets a waterworks system, which fixes no time limit, is a grant for a reasonable time, and the question of the revocation of the grant, where it has been followed by a substantial expenditure for the benefit of the city, must be considered with reference to the time that will satisfy the requirements of equity.

One dealing with a city council is bound to know the extent of its authority.

A license that has been acted on cannot be so revoked as to deprive the licensee of his reasonable expenditures made in reliance thereon.

Municipal officers, acting under general authority of the charter, cannot bind the municipality for a longer time than is reasonable in view of the nature of the subject-matter.

Where a permit granted by the city of Barre, under its charter, to a firm to construct and maintain a system of waterworks in the streets of the city, contained no terms of limitation as to either time or territory, the city can at any time revoke the permit as to territory into which the works have not then extended and into which the expansion thereof is not required for the reasonable utilization of the existing system, but cannot prevent the laying of such additional pipes as are needed reasonably to utilize the pipes already laid.

APPEAL IN CHANCERY. Heard on the pleadings, master's report and exceptions thereto, at the March Term, 1908, Washington County, *Hall*, Chancellor, Decree, *pro forma*, for the

orator according to the prayer of its bill. The defendant appealed. The opinion states the case. See next case.

· *J. Ward Carver* and *John W. Gordon* for the orator.

If the city council could by resolution grant any rights, it could only be for a public purpose that was expressly stated in the permit. *State* v. *Murphy,* 134 Mo. 548, 56 Am. St. Rep. 515; *Scovill* v. *Thayer,* 105 U. S. 143; *Thomas* v. *R. R. Co.,* 101 U. S. 86; *Penn. R. R. Co.* v. *St. Louis etc. R. R. Co.,* 118 U. S. 317. But the city council can exercise power only in the manner prescribed by the charter; and the charter gives no authority whereby the city can supply itself with water except by *ordinance.* *Shoemaker* v. *U. S.,* 147 U. S. 382; *Tyler* v. *Beecher,* 44 Vt. 648; *Nash* v. *Lowry,* 39 Minn. 267; *Hubbard* v. *Chicago,* 173 Ill. 91.

The permit in this case being beyond the power of the city council, because granted by resolution instead of by ordinance, the permit is void, and defendants are chargeable with this knowledge. *Elster* v. *Springfield,* 49 Ohio St. 82; *Holding* v. *City of Yonkers,* 1 M. C. Cas. 164; 2 Dill. Mun. Cor. 680-716; *Davis* v. *Meyer etc. of N. Y.,* 14 N. Y. 506; *State* v. *Trenton,* 36 N. J. L. 79; *Peoples R. R. Co.* v. *Memphis R. R. Co.,* 10 Wall. 38; *State* v. *Minn. Tr. R. R. Co.,* 80 Minn. 108; Beech on Pub. Cor., §§1207-1208; 1 Dill. on Mun. Cor. §789. A permit from a municipality in a way or for a purpose not authorized is no defence. *Hibbard* v. *Chicago,* 173 Ill. 91; 40 L. R. A. 621; Spellings Ex. Relief, §§376, 379, 400; *Smith* v. *City of Newburg,* 77 N. Y. App. 130-137; *Syracuse Water Co.* v. *Syracuse,* 116 N. Y. App. 167; *Lockwood* v. *Wabash R. R. Co.,* 122 Mo. 86, 43 Am. St. Rep. 547.

It is the duty of a municipality upon which is cast the duty of maintaining highways to prosecute the necessary actions to prevent an injury or obstruction of an easement in the public streets. Elliott on Roads and Streets, 321. This may be done by injunction. *Seamans* v. *Fitz,* 40 Atl. 3; *Salesbury* v. *Ithaca,* 94 N. Y. 27; *Hill* v. *Fondulac,* 66 Wis. 242; *Robins* v. *Chicago,* 4 Wall. 657; *Savannah* v. *Donnelly,* 76 Ga. 258.

A permanent encroachment upon a public street for a private purpose is a *purpresture* and is in law a nuisance.

*Hibbard* v. *Chicago*, 173 Ill. 91, 40 L. R. A. 621; Wood on Nuisances, §§251, 260, 262; *Chamberlain* v. *Enfield*, 43 N. H. 356; *Com.* v. *King*, 13 Met. 115.

*George W. Wing, John H. Senter* and *William A. Boyce* for the defendants.

It is well settled that the bringing of water into a city to supply its inhabitants with water for domestic and sanitary purposes is a public use. *Re New Rochelle Water Co.,* 46 Hun. 525; *Re Middletown,* 82 N. Y. 196; *Thorn* v. *Sweeney,* 12 Nev. 25; *Re Malone Waterworks Co.,* 38 N. Y. 95; *Syracuse* v. *Stacye,* 86 Hun. 441; *Olmstead* v. *Morris Aqueduct,* 46 N. J. L. 495; *Lombard* v. *Stearns,* 4 Cush. 60; *Wis. Water Co.* v. *Wymans,* 85 Wis. 26.

An ordinance may be in the form of a resolution, and if enacted with the formalities required by law in the case of an ordinance, will generally be valid and binding. *Sower* v. *Philadelphia,* 35 Pa. St. 231; *San Francisco etc. Co.* v. *San Francisco,* 6 Cal. 190; *Drake* v. *Hudson River R. Co.,* 7 Barb. 508; *Tipton* v. *Norman,* 72 Mo. 380; *Rumsley etc. Mfg. Co.* v. *Inhabitants etc.,* 21 Mo. App. 175. If a simple resolution would be sufficient, yet, before it would have any validity it would necessarily have to be signed by the mayor as a part of the law making power; the co-ordinate action of both is required. *Saxton* v. *Beach,* 50 Mo. 488; *Saxton* v. *St. Joseph,* 60 Mo. 153; 4 Dillon on Munic. Corps., §§271, 246 and 309; 15 Am. & Eng. Enc. of Law, 1032.

Where a city has granted to a water company a franchise to use the streets and such grant has been accepted and acted upon it constitutes a contract and an ordinance or resolution attempting to annul the contract and repeal the grant is unconstitutional and void. *Little Falls Electric etc. Co.* v. *City of Little Falls,* 102 Fed. 663; *New Orleans Waterworks Co.* v. *Rivers,* 115 U. S. 674; *Walla Walla City* v. *Walla Walla W. Co.,* 172 U. S. 1; *Rutland Electric Light Co.* v. *Marble City Electric Lt. Co.,* 65 Vt. 377. The weight of authority is that, where permission is granted for the use of the public highways to one legally capable of exercising it, a right is obtained in the nature of an easement or contract and of which the grantee cannot be

deprived illegally. *Lewis* v. *City of Newton,* 75 Fed. 884; *So. R. R. Co.* v. *Atlanta Rapid Transit Co.,* 111 Ga. 679; *City of Kankakee* v. *Kankakee Water Co.,* 38 Ill. App. 620; *Metropolitan R. R. Co.* v. *Chicago West Div. Co.,* 87 Ill. 317.

MUNSON, J.   The defendants, partners in the business of supplying water to the orator's inhabitants for domestic and sanitary purposes, installed their system of pipes in reliance upon a resolution of the city council, which authorized them to lay and maintain an aqueduct through the streets of the city for the purpose of conveying water. The orator contends that the permit is void, because not given by an ordinance; because not expressed to be for a public purpose; and because not limited as to time. The specific prayer of the bill is that the defendants be enjoined from extending their mains and pipes through any of the streets, and from digging in any of the streets for that purpose, without having first obtained the consent of the common council; but without their being restrained from keeping in repair their mains and pipes as then located, nor from making excavations for that purpose in conformity with the charter and ordinances. The permit imposed certain conditions regarding the use of the streets, and was made revocable at any time for cause. The bill does not allege that the conditions of the permit have been violated. The defendants claim that the permit authorizes them to extend their system throughout the city, that it is revocable only for cause shown, and that no cause for revocation appears.

It is said that the charter required that this action be taken by ordinance instead of resolution. The charter vests the administration of all fiscal, prudential and municipal affairs in the mayor and board of aldermen, and these acting in their joint capacity constitute the city council. Ordinances and by-laws are enacted, and other business of the city council transacted, by the action of the board of aldermen with the approval of the mayor. The mayor's approval of any ordinance, by-law, resolution or vote of the board of aldermen is given by signing the same. The city council is empowered to make, alter or repeal ordinances, regulations and by-laws for certain specified purposes, and any other by-laws, rules and ordinances which they may deem necessary, not repugnant to the constitu-

20

tion or laws of the State; and all these by-laws, regulations and ordinances are required to be published in newspapers prescribed by the city council, at least twenty days before they take effect. One of the matters specified is to provide a supply of water for fire protection and other purposes and regulate the use of the same, and to establish and maintain necessary reservoirs and water pipes. Acts 1894, No. 165, §§5, 53, 55.

The orator's argument assumes that its charter definitely requires that action of this nature be taken by ordinance, but we find nothing in it that can be so construed. The indiscriminate use of the terms ordinances, by-laws, rules and regulations, at the beginning and close of the section which enumerates in thirty-two sub-divisions the powers of the city council, affords no basis for the claim. There is nothing in the nature of the subject that favors such a conclusion. Strictly speaking, an ordinance is an expression of the municipal will affecting the conduct of the inhabitants generally, or of a number of them under some general designation. The grant of a privilege to a single applicant is not within any of the usual definitions. Moreover this permit, although in the form of a resolution, is signed by the mayor, and is thus the joint and formal action of both branches of the city council. If a measure has all the requisites of an ordinance, the name given it or the form in which it is cast is ordinarily of little importance.

But the orator insists that the distinction is vital here because the charter requires that ordinances shall be published before going into effect, and does not require the publication of resolutions. The charter in fact requires this of whatever may be held to be covered by the term ordinance, by-law, rule or regulation, as used in the section above referred to. No distinction is made between an ordinance and a resolution as such, for the section contains nothing with reference to resolutions. It is generally considered that when publication is prescribed by the charter a failure to publish will invalidate the act; but there are cases that hold otherwise. 28 Cyc. 359. The publication required in connection with the grant of a privilege is usually a notice of the application, to the end that objections may be made before action is taken. The publication of an enactment in the nature of a municipal law is usually designed to give general notice of the provision before it goes into effect. If

the requirement of publication, as applied to the measure in question, were held to be mandatory, it would be necessary to consider whether the defendants' expenditures were made in circumstances that gave them a right against the city, notwithstanding the failure to publish. But the view we take upon a further point is such that it will not be necessary to pursue this line of inquiry. It is certain that the defendants had their pipes in the streets and were supplying water to the inhabitants for domestic purposes, with the knowledge and sanction of the city council, when the amendatory act hereafter referred to was procured.

It is said that the city council had no power to authorize the laying of pipes in the streets for a private purpose, and that the permit is invalid because it does not show that the pipes were to be used for a public purpose. It is not necessary to consider the questions raised by this objection. The Legislature could have authorized the city council to grant the privileges enjoyed by the defendants, by such municipal action as was in fact taken, and it could confirm by subsequent enactment what it might have authorized in the first instance. No. 145, Acts of 1896, is an act in amendment of the orator's charter; and section four provides that every person, company or corporation then owning and having water pipes in any street should make and file with the city clerk an accurate survey of the location thereof, designating the streets, connections and situation of the same with reference to fixed and permanent muniments, and that no person, company or corporation should thereafter lay any pipes within street limits until such a survey was filed, and imposing a penalty for a failure to comply with any requirement of the section within four months after receiving notice from the city council. The defendants were then the owners of a system of pipes which had been located in the orator's streets under the permit in question; and this sweeping provision for the future regulation of existing private plants was a legislative recognition of defendants' occupancy and its purpose, which precluded the city from questioning the permit for the claimed defects above referred to, and left the future relations of the parties to be determined by the terms of the grant, the further conditions imposed by the act, and the orator's general powers of regulation.

But it is said that a municipal grant of a privilege for an indefinite time gives the recipient no vested right to its enjoyment for any time. It is true that the city council could not grant this privilege in perpetuity. It is true that one dealing with a city council is bound to know the extent of its authority, whether determined by statutory provision or by common law rules. There are cases which involve the validity of municipal contracts entered into for a specified time which was in excess of a specified time fixed by the charter; and some of these hold the contract wholly void, while others hold it void only for the excess. Here, no limit is fixed by the charter, and none is specified in the permit, and the grant may properly be restricted to, and sustained for, a reasonable time—a time that will satisfy the requirements of equity. This was not a mere license, but a' grant which contemplated, and has been followed by, a substantial expenditure for the orator's benefit; and the question of revocation is to be considered with reference to this fact.

It must be remembered, however, that underlying the questions above considered is the fact that the claim of invalidity goes beyond the prayer of the bill; for the bill seeks to prevent the enlargement of the system, not to deprive the defendants of the use of their plant. But the orator would restrict the continued use of the system to the service pipes now in existence, while the defendants claim the right, not only to increase their service on the streets now occupied, but to extend their mains into new territory. In passing upon the question thus presented it will be necessary to refer to some further findings.

At the time the suit was brought the defendants' main line was a two and one-half inch pipe, which was not sufficient to meet the requirement of their existing connections. Soon after this the defendants purchased several springs to increase their supply, but these are still unconnected and undeveloped. After the injunction was modified, the original main was replaced by a four inch pipe, and this is sufficient to carry all the supply that has been made available, and this supply would be equal to the needs of two or three times as many patrons as the system now has. Except for a short distance on one street, the defendants are the only spring water company in the territory covered by their mains. If all the inhabitants of this territory were patrons of defendants' system, their entire supply as now developed would be taken.

The adjustment of the claims before stated lies in the application of two rules; one, that a license which has been acted upon cannot be so revoked as to deprive the licensee of the benefit of his expenditure; the other, that municipal officers, acting under general authority, cannot bind the municipality for a longer time than is reasonable in view of the nature of the subject-matter. The permit in question contains no terms of limitation as regards territory or time. As far as the grant applies to territory into which the defendants' mains have not been extended and the expansion is not required for the reasonable utilization of the existing system, the city can revoke the permit at any time. On the other hand, the defendants cannot be precluded from laying such additional pipes as may be needed to give them the reasonable and natural use of the carrying pipes already laid. Upon the facts reported, it is considered that the city is entitled to prohibit the further extension of defendants' mains, but that the defendants are entitled to make further service connections in the streets or sections thereof where their mains are now located.

It is not necessary to consider the facts reported regarding the cost of the plant, the expense of maintenance, and the gross receipts. The case does not call for a present determination of the time limit of defendants' right of enjoyment. The question of reasonableness does not arise in connection with a particular term specified in the permit. The prayer for an injunction carefully precludes any interference with the defendants' use of their existing pipes. The increased income that may be obtained through the additional connections now sanctioned will be an element to be considered in the final determination of the defendants' rights. The only argument which the orator bases upon the financial statement is one against the propriety of allowing further connections.

The disposition of the case is such that it is unnecessary to take up the exceptions to the report in detail.

*Pro forma decree reversed and cause remanded with mandate.*