**Timothy and Sharon Herbert v. Town of Mendon**

**Ira M. and Jessica Pike v. Town of Mendon**

**John and Patricia Tuepker v. Town of Mendon**

[617 A.2d 155]

Nos. 90-587, 90-588 and 90-589

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 25, 1992

*Melvin B. Neisner, Jr.*, Killington, for Plaintiffs-Appellees.

*Nancy Corsones* of *Corsones & Corsones*, Rutland, for Defendant-Appellant.

**Johnson, J.** The Town of Mendon appeals from an order of the superior court which granted summary judgment for the

plaintiffs on the ground that a resolution passed by the Town's selectmen assessing impact fees against plaintiffs was invalid. We affirm.

On October 10, 1988, at one of their regular meetings, the Mendon selectmen adopted a resolution establishing a schedule of impact fees to be assessed against persons constructing new residential buildings in town. The fees were designed to compensate the Town for any expenses it would incur as a result of such construction. 24 V.S.A. § 5201(3). The Mendon resolution stated:

> Impact fees will be charged at $850.00 per bedroom, or any room that could practically be used as a bedroom. These fees will be paid after an approval of the Building Permit by the Zoning Administrator, and before the permit is issued.

It is undisputed that the selectmen failed to warn the public that they had passed this resolution.

On February 13, 1989, the selectmen passed an ordinance to the same effect as the resolution. Under 24 V.S.A. § 1972(a), they were required to post the adopted ordinance in at least five conspicuous places within the town and publish the full text in a local newspaper within fourteen days of adoption. They did not publish the text in a local newspaper. On February 15, 1989, the selectmen posted a warning in town stating that they had passed an ordinance establishing impact fees for new construction in Mendon. On May 25, 1989, the selectmen passed a second resolution designed to clarify the October 10, 1988 resolution. The selectmen neither posted nor advertised their action.

On June 26, 1989, at a duly warned town meeting called in response to a petition signed by at least five percent of the voters, the town voted to adopt the impact fees proposed in the warning. Those fees were not based upon the $850-per-bedroom formula employed in the October 10, 1988 resolution. The new fees went into effect on October 14, 1989.

Plaintiffs, who had applied for their building permit prior to the June 26 vote, paid impact fees in the spring and fall of 1989, pursuant to the October 10, 1988 resolution. Plaintiffs Tuepker paid $3400 for a four-bedroom house, and plaintiffs Pike and Herbert each paid $2550 for a three-bedroom house. In April of 1990, they filed suit against the Town, challenging the validity

of the October 10, 1988 resolution and the February 15, 1989 warning. They sought a refund of the impact fees with interest from date of payment, attorney's fees, costs and the removal of any liens placed upon their properties. Plaintiffs moved for summary judgment on the ground that the October 10, 1988 resolution was invalid. The court held that because the resolution possessed all the requisites of an ordinance, it was governed by 24 V.S.A. § 1972, which required it to be posted and published, with an explanation to citizens of their right to petition for a town vote on the matter. The resolution failed to meet any of these requirements; therefore, the court held it was invalid. On December 14, 1990, the Town appealed to this Court.

The Town contends, first, that plaintiffs' challenge to the October 10, 1988 resolution presents genuine issues of material fact that render summary judgment inappropriate. We disagree.

It is well established in Vermont that "[t]o prevail on a motion for summary judgment, the moving party must satisfy a stringent two-part test: first, there must be no genuine issues of material fact between the parties, and second, the moving party must be entitled to judgment as a matter of law." *Northern Aircraft, Inc. v. Reed*, 154 Vt. 36, 44, 572 A.2d 1382, 1387 (1990); see V.R.C.P. 56(c).

Here, there is no dispute between the parties that: (1) the fees assessed against the plaintiffs were $850 per bedroom pursuant to the October 10, 1988 resolution; (2) in adopting the October 10, 1988 resolution, the selectmen did not follow the statutory procedures for adopting an ordinance contained in 24 V.S.A. § 1972, and (3) the Town in fact collected the fees imposed by the resolution.

It is unnecessary to address additional factual questions raised by the Town concerning the nature and allocation of the impact fees because we conclude that the October 10, 1988 resolution is invalid and its invalidity renders those questions irrelevant. Accordingly, there are no genuine issues of material fact between the parties.

We also reject the Town's next contention, that it is entitled to judgment as a matter of law because the October 10, 1988 resolution is valid as a resolution, rather than as an ordinance. The October 10, 1988 resolution is not valid because it attempts

to legislate on a subject that requires an ordinance, or a resolution or bylaw that satisfies the requisites of an ordinance.

A resolution "is not law but merely a form in which the legislative body expresses an opinion." *Baker v. City of Milwaukie*, 271 Or. 500, 510, 533 P.2d 772, 777 (1975). It "'is a very different thing' from an ordinance . . . and will not suffice when action on the part of a municipality is required to be taken by ordinance . . . ." *City of Salisbury v. Nagel*, 420 S.W.2d 37, 43 (Mo. Ct. App. 1967)(citations omitted). It ordinarily concerns matters that are ministerial and that relate to the administrative business of the municipality. See 5 E. McQuillin, Municipal Corporations § 15.02 (3d ed. 1982 & Supp. 1991). It also concerns matters that are special or temporary. *Id.* at 55. Finally, it is customarily passed without the forms and delays that constitutions and municipal charters generally require for the enactment of valid laws or ordinances. *City of Salisbury*, 420 S.W.2d at 42.

An ordinance, on the other hand, "is distinctively a legislative act." 5 E. McQuillin, The Law of Municipal Corporations § 15.02 (3d ed. 1989). It prescribes a permanent rule of conduct or government that will remain in effect until the ordinance is repealed. *Id.* All legislation that creates liability or that affects the people of a municipality in an important or material way should be enacted by ordinances. *Id.* Similarly, if a municipal act applies generally and prescribes a new plan or policy, it is considered legislative and must be accomplished by ordinance. See *Inlet Associates v. Assateague House Condominium Association*, 313 Md. 413, 429, 545 A.2d 1296, 1305 (1988)(where municipal action must be done by ordinance, as with legislative acts, a resolution will not suffice). For example, neither the adoption of a comprehensive plan, see *Baker*, 271 Or. 500, 533 P.2d 772, nor the conveyance of the public's right-of-way in part of a dedicated street, *Inlet Associates*, 313 Md. 413, 545 A.2d 1296, could be validly accomplished by resolution.

Applying these standards, we conclude that the imposition of impact fees by the Mendon selectmen was a legislative act. The action was intended to establish a permanent rule that, henceforth, would require the payment of impact fees by developers of residential and commercial property in order to re-

ceive building permits. It imposed a new regulation on all who sought to develop property in town, and was, therefore, an act of general application prescribing a new plan or policy. The new fees could, potentially, create liability for the Town if there were inaccurate assessments; they could influence the affordability of developing property in the Town, thus affecting school enrollments and future town needs for services. See generally J. Kushner, Subdivision Law and Growth Management § 6.04[2] (1991).

Consequently, the selectmen were required to impose impact fees by means of an ordinance or a resolution that satisfied the requisites of an ordinance. "If a measure has all the requisites of an ordinance, the name given it or the form in which it is cast is ordinarily of little importance." *City of Barre v. Perry & Scribner*, 82 Vt. 301, 306, 73 A. 574, 576 (1909). Having failed to observe the requirements of 24 V.S.A. § 1972, the Town is unable to show that its "resolution" meets the standards for a valid ordinance.

The Town attempts, instead, to argue that its resolution is valid because the relevant portion of Act 200 (24 V.S.A. §§ 5200–5206) in effect on October 10, 1988 did not require the Town to establish impact fees by means of ordinance, thereby giving the selectmen discretion to determine the means of doing so. According to the Town, § 39 of Act 200, which went into effect on May 19, 1988, and governed the October 10, 1988 resolution, did not require impact fees to be passed by ordinance.

This argument, based upon legislative history, is irrelevant to the central point in the case: that the impact-fee assessment that the selectmen imposed on October 10, 1988 was a legislative act. As such, it could have been valid only if adopted subject to the notice provisions of 24 V.S.A. § 1972. Section 39 of Act 200, which provided that "until the provisions of the act enacting this chapter . . . become effective on July 1, 1989, any municipality may levy an impact fee as defined in section 5201 of this chapter," does not validate the October 10, 1988 resolution. Section 39 cannot release the selectmen from their obligation to enact legislation by ordinance, an obligation that long predates Act 200.

Thus, it is immaterial that the Legislature did not expressly state that impact fees should be established by ordinance until

24 V.S.A. § 5203(f) became law, because the resolution of October 10, 1988 is invalid regardless of the enactment of § 5203(f). The trial court therefore properly concluded that the plaintiffs are entitled to judgment as a matter of law.

The trial court also acted properly in awarding plaintiffs interest and costs. Interest and costs may be awarded to the prevailing party under V.R.C.P. 54(a). Rule 54 contains no exception for municipalities to this general rule, and no statute prohibits it. See *North Troy Graded School Dist. v. Town of Troy*, 80 Vt. 16, 32–33, 66 A. 1033, 1039 (1907) (interest and costs allowed against school district). Prejudgment interest may be awarded as damages for detention of money due for breach or default. "This interest is awarded as of right when the principal sum recovered is liquidated or capable of ready ascertainment and may be awarded in the court's discretion for other forms of damage." Reporter's Notes—1981 Amendment, V.R.C.P. 54(a); *VanVelsor v. Dzewaltowski*, 136 Vt. 103, 106, 385 A.2d 1102, 1104 (1978); *Vermont Structural Steel Corp. v. Brickman*, 131 Vt. 144, 148, 300 A.2d 629, 631 (1973). In general, interest runs from the time of maturity or demand for payment or from the time of default, which may be the time that the action is commenced. Reporter's Notes—1981 Amendment, V.R.C.P. 54(a).

In light of the foregoing rules, and considering that in two of the cases consolidated here, the Town enjoyed the control and use of substantial amounts of plaintiffs' money for more than a year, the trial court did not abuse its discretion in awarding interest from the date of payment.

*Affirmed.*