OPINION
 

 WHITE, Justice.
 

 In this suit for personal injury and property damage, the Court must decide whether municipalities are liable for post-judgment interest on judgments rendered under the Governmental Tort Liability Act (hereafter “GTLA”), Tenn.Code Ann. §§ 29-20-101
 
 et seq.
 
 (1980 Repl. & 1995 Supp.). For the reasons explained below, we hold that judgments obtained pursuant to the GTLA accrue post-judgment interest. The judgment of the Court of Appeals holding to the contrary is therefore reversed and that of the trial court reinstated.
 

 I.
 

 This case arises out of an automobile accident that occurred on October 27, 1989, between plaintiff, Nancye Lucius, and a police officer employed by defendant, the City of Memphis. At the time of the accident, Lucius was driving a car owned by her father,
 
 *524
 
 plaintiff Richard Burns. Lucius and Burns filed suit against the City of Memphis under the GTLA, alleging that the accident occurred as a result of defendant’s police car entering an intersection against a red light, at a high rate of speed, and without sounding its siren. At the time of the collision, defendant’s officer was chasing a suspected car thief. As a result of the accident, Lucius was injured and taken to a hospital. Both automobiles sustained substantial damages. Lucius sought damages for personal injury. Burns sought compensation for property damage to his automobile.
 

 After a non-jury trial on July 7, 1992, the trial court found that defendant’s officer was 100 percent at fault and rendered judgment in favor of Lucius for $35,000 and in favor of Burns for $9,100. Defendant appealed. The Court of Appeals affirmed the trial court’s finding of liability and its award of damages.
 

 After the Court of Appeals affirmed the trial court, defendant paid plaintiffs the principal amounts of their judgments, but refused to pay postjudgment interest. This refusal to pay prompted plaintiffs to petition the trial court for a peremptory writ of mandamus on January 20,1994.
 
 [1]
 
 Plaintiffs’ petition sought an order compelling defendant to pay post-judgment interest, beginning July 7, 1992, on their respective judgments.
 

 The trial court issued the writ of mandamus, commanding defendant to pay post-judgment interest at the rate of 10 percent from July 7, 1992, through the date of payment.
 
 [2]
 
 After unsuccessfully seeking a stay of execution, defendant paid plaintiffs the post-judgment interest as ordered by the trial court, but refused to pay the per diem interest. Defendant then appealed a second time, contending that it was not liable for post-judgment interest on the basis of sovereign immunity. The Court of Appeals reversed the trial court’s award of post-judgment interest, holding that a municipality is not liable for post-judgment interest on judgments rendered pursuant to the GTLA. The court reasoned that “[t]he lack of a specific provision [in the GTLA] for post-judgment interest generally coupled with the specific provision [in Tennessee Code Annotated Section 29-20-312] providing for six percent (6%) interest on judgments paid in instal-ments evidences the legislative intent that the post-judgment interest statute [Tennessee Code Annotated Section 47-14-121] has no application to judgments under the [GTLA].”
 

 We granted plaintiffs’ application for permission to appeal to decide whether a municipality is liable for post-judgment interest on judgments rendered pursuant to the GTLA. Since this question is solely one of law, the scope of our review is
 
 de novo
 
 with no presumption of correctness.
 
 Ridings v. Ralph M. Parsons Co.,
 
 914 S.W.2d 79, 80 (Tenn.1996).
 

 II.
 

 Tennessee law provides that “[i]nterest
 
 shall
 
 be computed on
 
 every
 
 judgment from the day on which the jury or the court, sitting without a jury, returned the verdict....” Tenn.Code Ann. §47-14-122 (1995 Repl.) (emphasis added). The rate at which post-judgment interest accrues is “ten percent (10%) per annum, except as may be otherwise provided or permitted by stat-ute_” Tenn.Code Ann. § 47-14-121 (1995 Repl.). Plaintiffs contend that these statutes establish their entitlement to post-judgment interest as ordered by the trial court.
 

 In contrast, defendant correctly asserts that the GTLA specifically refers only to post-judgment interest in the context of judgments paid in instalments. Defendant’s argument is based upon Tennessee Code Annotated Section 29-20-312 which provides:
 

 Payment of claims. — (a) Any claim approved for payment by a governmental
 
 *525
 
 entity or any final judgment obtained against a governmental entity shall be paid from funds appropriated or reserved for that purpose or in the discretion of the governmental entity may be paid in not more than ten (10) equal annual instal-ments commencing the next fiscal year or in such other manner as is agreed upon by the claimant and governmental entity.
 

 (b) Instalment payments shall bear interest at six percent (6%) per annum on the unpaid balance.
 

 (c) The provisions of this section shall be discretionary with the court of original jurisdiction and such court is hereby authorized in its discretion to order a lump sum payment of any final judgment.
 

 (d) All judgments below five thousand dollars ($5,000) must be paid in one (1) instalment and must be paid as other tort judgments.
 

 Tenn.Code Ann. § 29-20-312 (1980 Repl.). Defendant thus argues that the legislature chose to address the subject of interest in -the GTLA exclusively as to judgments paid by instalments. Consequently, defendant contends that the doctrine of sovereign immunity immunizes the municipality from relief not specifically authorized by law, including payment of post-judgment interest except as provided.
 

 The doctrine of sovereign immunity, which has been a part of Tennessee law for more than a century, provides that suit may not be brought against a governmental entity except to the extent that the governmental entity has consented to be sued.
 
 Cruse v. City of Columbia,
 
 922 S.W.2d 492 (Tenn.1996). The doctrine was codified in 1973 when the legislature enacted the GTLA. The GTLA governs claims against counties, municipalities, and other local governmental agencies, but does not apply to state government, its agencies, and departments.
 
 See Tenn. Dept. of Mental Health & Mental Retardation v. Hughes,
 
 531 S.W.2d 299, 300 (Tenn.1975). Specifically, the Act provides that “[e]xcept as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions....” Tenn.Code Ann. § 29-20-201(a)(1995 Supp.). The Act then removes immunity under certain circumstances.
 
 See, e.g.,
 
 Tenn.Code Ann. § 29-20-202(a)(1980 Repl.)(immunity removed for injuries resulting from the negligent operation of a motor vehicle or other equipment by an employee in the scope of employment); Tenn.Code Ann. § 29-20-203(a)(1995 Supp.)(immunity removed for injuries caused by a defective, unsafe, or dangerous condition on a public roadway or sidewalk); Tenn.Code Ann. § 29-20-204(a)(1980 Repl.)(immunity removed for injuries caused by dangerous or defective conditions associated with public structures or improvements); & Tenn.Code Ann. § 29-20-205 (1980 Repl.)(immunity removed for injuries caused by the negligence of governmental employees with certain exceptions).
 

 The essence of defendant’s argument is that the express provision for post-judgment interest in the context of instalment payments indicates the legislature’s intent to authorize such interest exclusively on judgments paid by instalment. While defendant’s premise that the GTLA only addresses post-judgment interest in the instalment payment context is correct, it does not necessarily follow that post-judgment interest cannot be awarded in a GTLA case not involving instalment payments.
 

 In addressing the applicability of legislation which is not a part of the GTLA to cases brought under the GTLA, Tennessee Code Annotated Section 29-20-104(a) provides that “all other acts or statutes
 
 in conflict
 
 with the provisions of [the GTLA] shall only be applicable to governmental entities exercising their right not to come under the provisions of [the GTLA]....” Tenn.Code Ann. § 29-20-104(a)(1980 Repl.)(emphasis added). The plain language of this provision instructs that only statutes
 
 inconsistent
 
 with specific provisions of the GTLA are not applicable to suits filed against local governments. The language does not support the sweeping conclusion that all statutes touching upon some aspect of local governmental liability are preempted by the GTLA. Indeed, we have recently observed that the “GTLA does not
 
 *526
 
 encompass every tortious act by a governmental entity. In fact, the GTLA leaves significant areas of activities either protected by immunity or subject to independent bodies of law.”
 
 Cruse v. City of Columbia,
 
 922 S.W.2d at 496. To state the obvious, “[i]t would be utterly impractical, if not impossible, to require of a legislative act that it contain apt reference to every law which the act might possibly touch.”
 
 Jenkins v. Loudon County,
 
 736 S.W.2d 603, 607 (Tenn.1987) (quoting
 
 Chicago & Southern Air Lines, Inc. v. Evans,
 
 192 Tenn. 218, 240 S.W.2d 249, 251 (1951)).
 

 Mindful of Tennessee Code Annotated Section 29-20-104(a), we find no conflict between the general post-judgment interest statutes, Tenn.Code Ann. §§ 47-14-121 & -122 (1995 Repl.), and the interest statute in the GTLA, Tenn.Code Ann. § 29-20-312 (1980 Repl.). Only in the circumstance in which a GTLA judgment is paid by instal-ments do the two provisions conflict. In that situation, when a GTLA defendant is paying by instalments, the GTLA interest provision in Tennessee Code Annotated Section 29-20-312 takes precedence over the general provisions in Tennessee Code Annotated Sections 47-14-121 and -122.
 
 See generally In the Matter of Harris,
 
 849 S.W.2d 334, 337 (Tenn.1993)(“[W]here there is a conflict between a special statute and a general statute, the special statute will be given effect.”);
 
 Watts v. Putnam Co.,
 
 525 S.W.2d 488, 492 (Tenn.1975);
 
 Continental Tennessee Lines, Inc. v. McCanless,
 
 209 Tenn. 324, 354 S.W.2d 57, 58-59 (1962). Had the legislature intended to prohibit or otherwise limit the application of the general interest statutes in GTLA cases, it could have easily done so in the Act.
 

 Additionally, the apparent underlying purpose of Tennessee Code Annotated Section 29-20-312 is to permit a governmental entity, if the trial court allows it to do so, to spread the payment of judgments over time so as not to disrupt unduly the finances of local government. This purpose is in no way undermined by limiting the application of the provision to the only subject it addresses— instalment payments.
 

 Finally, accepting defendant’s argument that it is immune from post-judgment interest would result in two undesirable consequences. The first is that judgments rendered against governmental entities would be devalued over time, effectively leaving the plaintiff with compensation less than that awarded. Post-judgment interest compensates the party who was entitled to money but deprived of its use by requiring an additional payment by one who benefitted from retaining the money.
 
 See Elmore County Com’n v. Rogona,
 
 561 So.2d 1092, 1093 (Ala.1990);
 
 Harland v. State,
 
 99 Cal.App.3d 839, 160 Cal.Rptr. 613, 618 (1979). The second undesirable consequence which results from defendant’s position is that it would provide an incentive for governmental entities to appeal adverse judgments or delay paying them. Imposing such a detriment upon citizens who legitimately obtain judgments against governmental entities is inconsistent with notions of justice and fairness.
 
 Accord Harland v. State,
 
 160 Cal.Rptr. at 618.
 

 In sum, we hold that the general interest provisions of Tennessee Code Annotated Sections 47-14-121 & -122, because they do not conflict with specific provisions of the GTLA, its structure, purpose or intent, apply to actions brought under the GTLA. Our holding is consistent with the established view that disfavors the doctrine of sovereign immunity as applied to local governments.
 
 See Jenkins v. Loudon County,
 
 736 S.W.2d at 605-606;
 
 Johnson v. Oman Construction Co., Inc.,
 
 519 S.W.2d 782, 786 (Tenn.1975).
 
 [3]
 
 It is also in accord with recent decisions refuting the sweeping notion that the GTLA necessarily excludes the application of all other rules and statutes not specifically made a part of the GTLA even absent statutory conflict or undermining of the purposes of
 
 *527
 
 the GTLA. See, e.g.,
 
 Cruse v. City of Columbia,
 
 922 S.W.2d at 493.
 

 Finally, our conclusion mirrors those reached by several other states applying general interest statutes to judgments rendered against political subdivisions of the state.
 
 See, e.g., Elmore County Comm’n v. Rogona,
 
 561 So.2d 1092, 1093-94 (Ala.1990);
 
 City of Little Rock v. Cash,
 
 277 Ark. 494, 644 S.W.2d 229, 237 (1982);
 
 Police Pension and Relief Board v. Behnke,
 
 143 Colo. 365, 353 P.2d 370, 372 (1960);
 
 Palm Beach County v. Town of Palm Beach,
 
 579 So.2d 719, 720 (Fla.1991);
 
 Home Builders Assoc. v. Kansas City,
 
 464 S.W.2d 5, 10 (Mo.1971);
 
 State ex rel. Shimola v. Cleveland,
 
 70 Ohio St.3d 110, 637 N.E.2d 325, 326-27 (1994);
 
 Associated Developers, Inc. v. City of Brookings,
 
 305 N.W.2d 848, 849 (S.D.1981);
 
 Herbert v. Town of Mendon,
 
 159 Vt. 255, 617 A.2d 155, 159 (1992);
 
 Kraemer & Sons, Inc. v. Overland Park,
 
 19 Kan.App.2d 1087, 880 P.2d 789, 795 (1994);
 
 City of Henderson v. Riley,
 
 674 S.W.2d 27, 33 (Ky.Ct.App.1984);
 
 Pittman Const. Co. v. Housing Auth. of New Orleans,
 
 169 So.2d 122, 140 (La.Ct.App.1964);
 
 Imlay v. City of Lake Crystal,
 
 444 N.W.2d 594, 601 (Minn.Ct.App.1989),
 
 affirmed,
 
 453 N.W.2d 336 (Minn.1990);
 
 Harland v. State,
 
 99 Cal.App.3d 839, 160 Cal.Rptr. 613, 614 (1979);
 
 Contra, Morgan v. City of Rockford,
 
 375 Ill. 326, 31 N.E.2d 596, 598 (1941);
 
 City of Jackson v. Reed,
 
 233 Miss. 280, 103 So.2d 6, 8 (1958);
 
 Mulvaney v. Napolitano,
 
 671 A.2d 312, 313 (R.I.1995).
 

 For the foregoing reasons, the judgment of the Court of Appeals is reversed, and that of the trial court reinstated. Costs shall be paid by defendant.
 

 BIRCH, C.J., and DROWOTA, ANDERSON and REID, JJ., concur.
 

 [1]
 

 . Tennessee Code Annotated Section 29-25-102(2) states that a "peremptory writ [of mandamus] commands the defendant to do the act and return the writ' [to the court].” Tenn.Code Ann. § 29-25-102(2)(1980 Repl.).
 

 [2]
 

 . The court determined that the amount of post-judgment interest due Lucius was $5,331.69, and that interest would continue to accrue at the rate of $1.46 per day. The court also found that Bums was entitled to $1,383.10 in post-judgment interest, and that it would continue to accrue at the rate of $.38 per day.
 

 [3]
 

 . Justice Heniy of this Court once observed that "[g]overnmental immunity is a cankered, corroded and corrupted area of our law. It is the flaming sword used by cities and counties in Tennessee to banish the innocent victims of their wrongs and deny them their traditional day in court. It has become the hallmark of governmental irresponsibility—the defense by which governmental entities stoop to conquer their own citizens.”
 
 Cooper v. Rutherford County,
 
 531 S.W.2d 783, 785 (Tenn.1975) (Henry, J., dissenting).