# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 4, 2013 Session

## DAVID G. YOUNG, INDIVIDUALLY AND AS CITY ADMINISTRATOR FOR THE CITY OF LAFOLLETTE v. CITY OF LAFOLLETTE ET AL.

### Interlocutory Appeal from the Circuit Court for Campbell County
### No. 14453      John D. McAfee, Judge

### No. E2013-00441-COA-R9-CV-FILED-FEBRUARY 10, 2014

In this retaliatory discharge action brought by a former city administrator of the City of LaFollette, Tennessee ("LaFollette"), the trial court, following a bench hearing, denied LaFollette's motion to strike the city administrator's demand for a jury trial. The trial court, however, granted LaFollette permission for interlocutory appeal on the question of whether the city administrator's request for a jury trial properly may be granted pursuant to the Tennessee Public Protection Act ("TPPA"), *see* Tenn. Code Ann. § 50-1-304 (Supp. 2013), despite the non-jury provision of the Tennessee Governmental Tort Liability Act ("GTLA"), *see* Tenn. Code Ann. §§ 29-20-307 (Supp. 2013). We conclude that the non-jury requirement of the GTLA applies to this TPPA claim. We therefore reverse the trial court's denial of LaFollette's motion to strike the city administrator's jury demand, and we remand to the trial court for further proceedings without a jury.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Jon G. Roach, Emily A. Cleveland, and Brian R. Bibb, Knoxville, Tennessee, for the appellant, City of LaFollette.

David H. Dunaway, LaFollette, Tennessee, for the appellee, David G. Young.

# OPINION

## I. Factual and Procedural Background

The plaintiff, David G. Young, was the city administrator for LaFollette from August 5, 2008, until he was suspended from his duties one year later on August 4, 2009. LaFollette terminated Mr. Young's employment on September 1, 2009, amid allegations against him of, *inter alia*, sexual harassment and harassment brought by Lynda White, the LaFollette City Clerk at the time. Ms. White initially made her grievances known in a May 1, 2009 letter to the mayor and city council. Mr. Young initiated the instant action on May 7, 2009, by filing a complaint with the Campbell County Circuit Court ("trial court"), alleging, *inter alia*, anticipatory and actual breach of his employment contract. LaFollette filed a motion for summary judgment on August 18, 2009.

Meanwhile, in a companion action to the case at bar, Mr. Young filed a petition for writ of certiorari with the Campbell County Chancery Court. On February 22, 2010, the Chancery Court entered an order nullifying the termination of Mr. Young's employment, finding insufficient cause and lack of due process. LaFollette appealed. The Chancery Court's ruling was reversed by this Court, which held that the lower court erred in ruling that LaFollette "acted illegally, arbitrarily, and without sufficient material evidence." *See Young v. City of LaFollette*, 353 S.W.3d 121, 127 (Tenn. Ct. App. 2011) ("Every salient fact in the record shows that LaFollette had the right to terminate Young's employment by a majority vote of the City Council.").

On February 26, 2010, Mr. Young amended his complaint in the instant Circuit Court action by asserting, *inter alia*, a retaliatory discharge claim in violation of the TPPA. *See* Tenn. Code Ann. § 50-1-304. Because its pending motion for summary judgment had not yet been heard, LaFollette subsequently filed an amended motion for summary judgment and a counter-complaint for declaratory judgment on April 9, 2010.

Following a stay in proceedings due to the appeal of the companion case, the trial court on August 11, 2011, granted LaFollette's amended motion for summary judgment on all claims except Mr. Young's sole remaining claim of retaliatory discharge brought against LaFollette pursuant to the TPPA.[1] On July 5, 2012, LaFollette filed another motion for summary judgment, seeking dismissal of the retaliatory discharge claim. Upon a hearing conducted November 7, 2012, the trial court denied LaFollette's second motion for summary

---

[1]Although Ms. White and Mr. Stanfield remain named in the style of this action, this interlocutory appeal involves only one defendant, LaFollette, regarding the retaliatory discharge claim pursuant to the TPPA.

judgment. Mr. Young moved orally to set the case for trial and requested a trial by jury. LaFollette argued that Mr. Young was not entitled to a jury trial pursuant to the GTLA. *See* Tenn. Code Ann. §29-20-307. At the trial court's request, each party submitted a written brief regarding the issue. LaFollette subsequently filed a motion to strike Mr. Young's jury demand.

Following a hearing on December 10, 2012, the trial court entered an order denying LaFollette's motion to strike the jury demand on February 11, 2013. The trial court, however, also granted permission to LaFollette for an interlocutory appeal to this Court on the issue of whether Mr. Young is entitled to a jury trial. *See* Tenn. R. App. P. 9. This permissive interlocutory appeal ensued.

## II. Issue Presented

This Court granted an interlocutory appeal in the instant action to address the following issue:

> Whether the provision of the Tennessee Governmental Tort Liability Act ("GTLA") that requires claims brought against governmental entities be decided "without the intervention of a jury," Tennessee Code Annotated § 29-20-307, applies to a statutory retaliatory discharge claim against a governmental entity brought pursuant to the Tennessee Public Protection Act, *see* Tennessee Code Annotated § 50-1-304.

## III. Standard of Review

The issue raised in this interlocutory appeal is a question of law. We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *See Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 43 (Tenn. 2013) (citing *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012)). Our Supreme Court has summarized the principles involved in statutory construction as follows:

> Our "primary goal in interpreting statutes is 'to ascertain and give effect to the intention and purpose of the legislature.'" *Stewart v. State*, 33 S.W.3d 785, 791 (Tenn. 2000) (quoting *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000)). When the statutory language is unambiguous, we apply its plain and ordinary meaning. *Planned Parenthood of Middle Tenn. v. Sundquist*, 38 S.W.3d 1, 24 (Tenn. 2000). When the statutory language is

ambiguous, we must look to other sources, such as legislative history, to determine the intent and purpose of the legislature. *Id.*

*Conley v. State*, 141 S.W.3d 591, 595 (Tenn. 2004); *see also Cunningham*, 405 S.W.3d at 43.

### IV. Applicability of Tennessee Governmental Tort Liability Act's Non-Jury Provision to Tennessee Public Protection Act Claim

LaFollette contends that the TPPA, while it provides for removal of sovereign immunity independent of the GTLA, does not remove a cause of action from the control of the GTLA absent an express statutory mandate to do so. Mr. Young contends that he should retain his right to a jury trial because the TPPA does not expressly preclude a jury trial. We conclude that the GTLA applies to claims brought against a municipality pursuant to the TPPA and that the instant action must therefore be tried without a jury.

Mr. Young argues that his claim is analogous to a claim brought under the Tennessee Human Rights Act ("THRA"). *See* Tenn. Code Ann. §§ 4-21-101 to -702 (2012 & Supp. 2013). He acknowledges, however, that this Court's recent decision in *Sneed v. City of Red Bank*, No. E2012-02112-COA-R9-CV, 2013 WL 3326133 (Tenn. Ct. App. June 27, 2013), *perm. granted* (Tenn. Nov. 12, 2013), relates directly to the interplay between the GTLA and THRA, as well as by extension, the interplay between the GTLA and the TPPA. In *Sneed*, this Court held on interlocutory appeal that "the Tennessee Governmental Tort Liability Act applies to claims brought against a municipality pursuant to the Tennessee Human Rights Act; therefore, that claim must also be tried without a jury." *Id.* at *1. Mr. Young asks this Court to reconsider its holding in *Sneed*.

The doctrine of sovereign immunity "has been part of the common law of Tennessee for more than a century and provides that suit may not be brought against a governmental entity unless that governmental entity has consented to be sued." *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997) (internal citations omitted). The GTLA, codified in 1973, governs claims against cities and other local government agencies, providing for circumstances when sovereign immunity is removed. *See* Tenn. Code Ann. §§ 29-20-201 to -408 (2012 & Supp. 2013); *Lucius v. City of Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996). The GTLA specifically provides that proceedings falling under its governance shall be conducted without a jury. Tennessee Code Annotated § 29-20-307 provides in pertinent part:

The circuit courts shall have exclusive original jurisdiction over any action brought under this chapter and shall hear and decide such suits *without the intervention of a jury*, except as otherwise provided in § 29-20-313(b) . . . .

(Emphasis added).[2]

In *Sneed*, this Court further explained regarding the GTLA and the THRA:

Passage of the GTLA constituted "an act of grace through which the legislature provided general immunity to governmental entities from tort liability but removed it in certain limited and specified instances." *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 406 (Tenn. 1994). The certain limited and specified instances are as follows:

> [1] Immunity from suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of employment.

> [2] Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.

> [3] Immunity from suit of a governmental entity is removed for any injury caused by dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

> [4] Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of [certain specific conditions].

Tenn. Code Ann. §§ 29-20-202(a), -203(a), -204(a), -205. The GTLA provides the circuit court with "original exclusive jurisdiction" to hear any

---

[2]Inasmuch as the exception referenced in section 313(b) involves actions naming multiple defendants when at least one is a governmental entity or a governmental entity employee and at least one is not, the exception does not apply to the instant action. *See* Tenn. Code Ann. § 29-20-313(b).

claim brought pursuant to the act without the intervention of a jury. Tenn. Code Ann. § 29-20-307.

For claims not falling within the certain limited and specified instances provided for in the GTLA, the General Assembly created subsequent acts to further remove governmental immunity. While some acts were specific to governmental entities, others simply included governmental entities as possible defendants. The THRA, codified in 1978 at Tennessee Code Annotated section 4-21-101, et seq., was one such unspecific act that applied to governmental entities as well as private citizens.

The THRA protects employees from adverse employment decisions based upon an employee's "race, creed, color, religion, sex, age, or national origin." Tenn. Code Ann. § 4-21-101. The THRA is specifically applicable to private employers with eight or more employees *and* to "the state, or any political or civil subdivision thereof." Tenn. Code Ann. § 4-21-102(5). An aggrieved individual may file a complaint against his or her governmental or non-governmental employer with the Tennessee Human Rights Commission or with the circuit or chancery courts of this state. Tenn. Code Ann. §§ 4-21-302, -311. Unlike the GTLA, "[t]he THRA neither expressly provides for or excludes the right to a trial by jury." [*University of Tenn. of Chattanooga v.] Farrow*, [No. E2000-02386-COA-R9-CV,] 2001 WL 935467, at *5 [(Tenn. Ct. App. Aug. 16, 2001)].

*Sneed*, 2013 WL 3326133 at *2.

As with the THRA, the TPPA includes governmental entities as possible defendants and does not expressly provide for or exclude the right to a jury trial. *See* Tenn. Code Ann. § 50-1-304. Enacted in 1990, the TPPA is the Tennessee legislature's codification of the common-law cause of action for retaliatory discharge. *See* Tenn. Code Ann. § 50-1-304; *Franklin v. Swift Transp. Co., Inc.*, 210 S.W.3d 521, 527 (Tenn. Ct. App. 2006). The TPPA was revised in 1997 to include governmental entities within its definition of employers. *See* 2009 Pub. Acts, ch. 161, § 2. "By enacting the Public Protection Act, the legislature recognized the importance of encouraging employees to report violations 'of those laws and regulations 'intended to protect the public health, safety or welfare.'" *Id.* at 528 (quoting *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 537 (Tenn. 2002).

Tennessee Code Annotated § 50-1-304 provides in pertinent part:

> (b) No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.
>
> . . .
>
> (d)(1) Any employee terminated in violation of subsection (b) shall have a cause of action against the employer for retaliatory discharge and any other damages to which the employee may be entitled.

As this Court has explained:

> To prevail under the Public Protection Act, the plaintiff must establish (1) his status as an employee of the defendant employer; (2) his refusal to participate in, or remain silent about, "illegal activities" as defined under the Act; (3) his termination; and (4) an exclusive causal relationship between his refusal to participate in or remain silent about illegal activities and his termination.

*Franklin*, 210 S.W.3d 521 at 528 (citing Tenn. Code Ann. § 50-1-304).

LaFollette relies on a recent Tennessee Supreme Court decision and two recent unpublished decisions of this Court in support of its contention that the GTLA controls in this action and precludes a jury trial. First, in *Cunningham v. Williamson County Hospital District*, our Supreme Court considered whether a claim brought under the Tennessee Medical Malpractice Act ("TMMA"), *see* Tenn. Code Ann. §§ 29-26-115 to -122 (2012 & Supp. 2013), was constrained by the statute of limitations in the GTLA. *See* 405 S.W.3d 41, 43 (Tenn. 2013). The Supreme Court held that the claim was so constrained because the language of the TMMA "fails to evince an express legislative intent to extend the statute of limitations in GTLA cases." *Cunningham*, 405 S.W.3d at 45-46.

Second, in *Jeffrey Adair Young v. Davis*, No. E2008-01974-COA-R3-CV, 2009 WL 3518162 at *5-6 (Tenn. Ct. App. Oct. 30, 2009), this Court decided the question of whether retaliatory discharge claims brought under the TPPA must be in compliance with the GTLA in terms of subject matter jurisdiction, specifically, whether such claims must be heard in the circuit courts. This Court vacated the order of the chancery court and remanded for transfer to the circuit court, explaining:

> As to the Public Protection Act claim, the Plaintiff assumes that the statute which creates a private right of action against employers, including

governmental entities, also removes that private right of action from the universe of the GTLA. It is clear to us that the GTLA and governmental immunity in general still sets boundaries applicable to retaliatory discharge claims and Public Protection Act claims. Retaliatory discharge claims that do not satisfy the elements of the Public Protection Act are subject to the GTLA. *Baines v. Wilson County*, 86 S.W.3d 575 (Tenn. Ct. App. 2002). The GTLA prevents suits against governmental entities based on common law retaliatory discharge. *Id.* at 581, 583.

*Young v. Davis*, 2009 WL 3518162 at *6 (stating also that "it appears to us that even claims which satisfy the elements of the statute must be brought 'in compliance' with the GTLA."). Mr. Young distinguishes the instant action from *Young v. Davis*, asserting that (1) this action does not involve a dispute regarding subject matter jurisdiction, (2) the claim in the instant case is more analogous to a civil rights claim under the THRA, and (3) the decision in *Young v. Davis* is persuasive rather than controlling authority.

This Court was presented with similar arguments in *Sneed*, wherein the plaintiff brought his claim under the THRA and argued that his case was distinguishable from *Young v. Davis* "because the court in *Young* [*v. Davis*] merely considered a question of venue for a TPPA claim." *See Sneed*, 2013 WL 3326133 at *4. In reversing the trial court's ruling that the GTLA did not preclude a jury trial on the THRA claim, this Court concluded:

Like the TPPA and the newly amended TMMA, the THRA is an act that created a private right of action against governmental entities *and* private citizens. Tenn. Code Ann. § 4-21-101. It stands to reason that such acts would generally govern the way in which claims must be brought and tried, regardless of whether the defendant was a governmental entity or a private citizen. However, differentiating between a governmental entity and a private citizen is appropriate and necessary because the application of general provisions contained in an act to private citizens does not implicate the doctrine of sovereign immunity, whereas applying the same provisions to governmental entities has different implications. *See generally Whitmore v. Shelby Cnty. Govt.*, No. W2010-01890-COA-R3-CV, 2011 WL 3558285, at *7 (Tenn. Ct. App. Aug. 15, 2011) (holding that state entities could not use the saving statute to re-file a THRA claim).

While the GTLA created private rights of action against governmental entities, it was also the groundbreaking act that statutorily removed general common law sovereign immunity. As such, we conclude that it is still generally applicable to suits against governmental entities unless the act at

-8-

issue specifically provides otherwise or is only applicable to governmental entities and provides its own remedy. *See generally Cruse v. City of Columbia*, 922 S.W.2d 492, 496-97 (Tenn. 1996) (holding the GTLA inapplicable when the suit was filed pursuant to an independent statute only applicable to government entities). As relevant to this case, the GTLA provides that suits must be brought in circuit court without the intervention of a jury. Tenn. Code Ann. § 29-20-307. In contrast, the THRA provides for suits to be brought in either chancery or circuit court but is silent as to whether claims must be tried with or without the intervention of a jury. Tenn. Code Ann. § 4-21-311. The THRA is also silent as to whether the choice of venue provision specifically applies to claims against governmental entities in contravention of the GTLA. In the absence of an express provision to the contrary, we hold that the GTLA applies to claims brought against a municipality pursuant to the THRA, thereby requiring the claim to be tried in circuit court without the intervention of a jury. Accordingly, we reverse the decision of the trial court.

*Sneed*, 2013 WL 3326133 at *4.

As to Mr. Young's argument regarding the authority of this Court's decisions in unpublished cases, such as *Young v. Davis* and *Sneed*, we note that "[w]hile it is true that unpublished opinions are not controlling, Tenn. S. Ct. Rule 4(G) specifically states that unpublished cases constitute persuasive authority."[3] *Edwards v. City of Memphis*, 342 S.W.3d 12, 17-18 (Tenn. Ct. App. 2010); *see, e.g., Smith County Regional Planning Comm'n v. Hiwassee Village Mobile Home Park, LLC*, 304 S.W.3d 302, 318 (Tenn. 2010) (analyzing several unpublished opinions of this Court in characterizing the range of factual situations capable of qualifying real property for grandfather clause protection from zoning

---

[3]Rule 4(G) of the Rules of the Tennessee Supreme Court provides:

(G)(1) An unpublished opinion shall be considered <u>controlling authority between the parties to the case</u> when relevant under the doctrines of the law of the case, res judicata, collateral estoppel, or in a criminal, post-conviction, or habeas corpus action involving the same defendant. Unless designated "Not For Citation," "DCRO" or "DNP" pursuant to subsection (E) of this rule, unpublished opinions for all other purposes shall be considered persuasive authority. Unpublished opinions of the Special Workers' Compensation Appeals Panel shall likewise be considered persuasive authority.

(2) Opinions reported in the official reporter, however, shall be considered controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction.

(Emphasis in original.)

regulations). We recognize that our Supreme Court, having granted certiorari to the appellant in *Sneed*, will address and provide controlling authority for the issue at hand in this interlocutory appeal. *See* Tenn. S. Ct. R. 4(C) ("If an application for permission to appeal is filed and granted, the opinion of the intermediate appellate court shall not be published in the official reporter, unless otherwise directed by the Tennessee Supreme Court.").

Mr. Young, as did the plaintiff in *Sneed*, asks us to reject our prior reasoning in favor of that contained within a federal district court order, namely *Lee v. Maury County, Tennessee Board of Education*, 2011 U.S. Dist. LEXIS 33258 (M.D. Tenn. Mar. 29, 2011). In *Lee*, the federal court applied Tennessee law to rule that for a plaintiff bringing an action alleging racial and gender discrimination in employment pursuant to Title VII, the THRA, and 42 U.S.C. § 1981, "the TGTLA limitation on jury trials is not applicable . . . ." We note first, as we did in *Sneed*, that the *Lee* order is a district court decision and as such, is not binding on this Court. *See Gossett v. Tractor Supply Co.*, 320 S.W.3d 777, 785 n.3 (Tenn. 2010) (noting that even opinions of federal intermediate courts are "only persuasive authority and not binding" on Tennessee state courts); *Sneed*, 2013 WL 3326133 at *4. Moreover, we find the facts upon which the district court based its decision in *Lee* to be highly distinguishable from the instant action in that constitutional questions of race and gender discrimination, going beyond an action brought only pursuant to the THRA or TPPA, were at issue in *Lee*. Mr. Young's reliance on *Lee* is unpersuasive.

Upon our thorough review of the issue presented and the applicable law, we determine that the rationale employed in *Sneed* applies to the instant action as well. The GTLA provides that "suits must be brought in circuit court without the intervention of a jury." *Sneed*, 2013 WL 3326133 at *4 (citing Tenn. Code Ann. § 29-20-307). The TPPA, like the THRA, is silent as to whether claims must be tried with or without the intervention of a jury. *See* Tenn. Code Ann. 50-1-304; *see also Sneed*, 2013 WL 3326133 at *4. In the absence of an express provision to the contrary, we hold that the GTLA applies to claims brought against a municipality pursuant to the TPPA, thereby requiring the claim to be tried without the intervention of a jury. Accordingly, we reverse the decision of the trial court.

## V. Conclusion

For the reasons stated above, we reverse the trial court's denial of LaFollette's motion to strike Mr. Young's jury demand. LaFollette's motion to strike the jury demand in this

action is granted.  We remand to the trial court for further proceedings without the intervention of a jury.  Costs on appeal are assessed to Mr. Young.


_____
THOMAS R. FRIERSON, II, JUDGE