CONTINENTAL TENNESSEE LINES, INC.

*v.*

GEORGE F. McCANLESS, Attorney
General, et al.

354 S. W. 2d 57.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

FARRIS EVANS & EVANS, Nashville, for complainant-appellant.

DAVID M. PACK, Assistant Attorney General, for defendants-appellees.

Mr. Justice Felts delivered the opinion of the Court.

This was a bill under the Declaratory Judgments Act (T.C.A. 23-1101—1113) brought by complainant against George F. McCanless, Attorney General of Tennessee; Greg O'Rear, Commissioner of the Department of Safety; and Alfred McFarland, Commissioner of Revenue, for a construction of statutes (T.C.A. 59-1107, 1110) regulating the length of motor vehicles and buses, and a declaration as to complainant's authority in the operation of its buses.

Complainant is a common carrier of passengers; and under certificates of convenience and necessity issued to it by the Tennessee Public Service Commission, it operates passenger-carrying buses on the highways in this State. Its buses are 35 feet in length, and it desires to attach to the rear of them "two-wheeled semi-trailers carrying property over the highways of Tennessee," such trailers not to exceed 10 feet in length, making the bus with the trailer attached not over 45 feet in length.

Complainant submitted the matter to the Attorney General for an opinion as to the authority for its proposed operation. He was of opinion that the statutes afforded no such authority, and advised the Commissioner of Safety that complainant's proposed operation would be unlawful. It then filed this bill for the declaratory relief above stated. Defendants demurred to the

bill. The Chancellor sustained the demurrer and dismissed the bill. Complainant appealed to this Court.

■ Complainant contends that authority for its proposed operation—towing trailers behind its buses—is conferred by T.C.A. 59-1107, read with T.C.A. 59-103(a), (b); 104(a), (b), (c); 105 (a), (b); and that T.C.A. 59-1110 does not negative such authority; while defendants contend, and the Chancellor held, that 59-1110, for the purpose of fixing maximum weight and length limitations of buses, puts buses in a different classification from motor vehicles, fixes such maximum length at 40 feet, and does not authorize the attaching and towing of trailers behind buses.

Sections 59-103, 104, and 105 originated as part of Ch. 70, Acts of 1951, entitled ''Tennessee Motor Vehicle Title and Registration Law.'' They define ''motor vehicle'' as including every self-propelled vehicle except those propelled by electric power from overhead trolley wires; ''truck'' as including every motor vehicle designed and used primarily for transportation of property; ''trailer'' as every vehicle designed for carrying persons and property and being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle; and ''semi-trailer'' as every vehicle designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by another vehicle. Section 59-1107 is as follows:

''59-1107. Maximum length of vehicles—No motor vehicle as defined in sec. 59-103 whose length, including any part of its body or load, exceeds thirty-five (35) feet, and no motor vehicle with trailer or semitrailer

attached, the total length of which combination, including any part of the body or load, exceeds forty-five (45) feet, shall be operated on any highway. (Acts 1933, ch. 35, sec. 3; 1945, ch. 132, sec. 1; mod. C.Supp. 1950, sec. 2715.1 (Williams, sec. 2715.3))."

It is seen that this provision originated in earlier acts, and was modified to the above form in which it appears by the 1950 Code Supplement. It was a general provision dealing with "motor vehicles." It prohibited the operation on any highway of any motor vehicle whose length exceeded 35 feet and of any motor vehicle with a trailer or semi-trailer whose total length exceeded 45 feet. While this general provision stood in this form, dealing with motor vehicles, the Legislature, by special provision, dealt with buses as a separate class to themselves. This provision was Chapter 32, Acts of 1953, as follows:

"A BILL to be entitled 'AN ACT to fix the length of buses.'

"SECTION 1. Be it enacted by the General Assembly of the State of Tennessee, That buses may be operated on the highways of this State of a length not to exceed forty (40) feet and a total gross weight not to exceed 42,000 pounds.

"SECTION 2. Be it further enacted, That this Act take effect from and after its passage, the public welfare requiring it."

Thus, this statute, for the purpose of fixing the length and weight limitations of buses, dealt with them as a separate class and provided that buses may be operated on the highways of the State of a length not to exceed

40 feet and a total gross weight not to exceed 42,000 pounds. This act was complete in itself, took buses out of the general class of motor vehicles for purposes of fixing their length and weight limits, and contained no provision that buses might be operated with trailers attached, making their length in excess of 40 feet.

This act of 1953 was re-enacted without modification as T.C.A. 59-1110, and has ever since stood in its present form, though the Legislature, in 1959 (Acts of 1959, Ch. 87, sec. 1), modified T.C.A. 59-1107 by striking out the figures "forty-five (45)" and substituting therefor the figures "fifty (50)," apparently recognizing that motor vehicles were in a separate class from buses, for the purpose of fixing their maximum length, size and weight.

So, we have this general provision (59-1107) dealing with "motor vehicles," allowing trailers to be attached to such vehicles if their total length does not exceed 50 feet; and we have this special provision dealing with "buses," fixing their maximum length at 40 feet, but making no provision for trailers to be attached to them. In such case, the reasonable rule of construction is this:

"Specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which otherwise might be broad enough to include it.' Lewis' Sutherland Statutory Construction (2d Ed.) sec. 491." *Wade v. Madding,* 161 Tenn. 88, 109, 28 S.W.2d 642, 649.

To the same effect: *Tiger Creek Bus Line v. Tiger Creek Transportation Ass'n Inc.,* 187 Tenn. 654, 662, 216

S.W.2d 348; *State ex rel. v. Safley, Chairman et al.,* 172 Tenn. 385, 390, 112 S.W.2d 831; *Woodroof v. City of Nashville,* 183 Tenn. 483, 488, 192 S.W.2d 1013.

As pointed out by the learned Assistant Attorney General, the attaching of property-carrying semi-trailers behind buses and the towing of them by the buses would not only make the combined length of the bus-operating unit exceed that permitted by the statute, but would also add to the hazards on the highways, not only to bus passengers, but to other users of the highways.

For these reasons, we think the Chancellor properly sustained the demurrer and dismissed the bill, and his decree will be affirmed. The costs of the cause are adjudged against complainant-appellant.