**In the Matter of Connie Marie HARRIS, A Child under 18 years of age.**

**STATE of Tennessee, DEPARTMENT OF HUMAN SERVICES, Plaintiff–Appellee,**

v.

**Kathleen Mae White HARRIS, Thomas William Harris, Defendants,**

**Kim L. Kirk and Jon S. Jablonski, Guardians Ad Litem, Appellants.**

Supreme Court of Tennessee, at Nashville.

Feb. 22, 1993.

---

1. *Seessel v. Seessel,* 748 S.W.2d 422 (Tenn.1988); *Rogero v. Pitt,* 759 S.W.2d 109 (Tenn.1988); and *Nichols v. Nichols,* 792 S.W.2d 713 (Tenn.1990).

Charles W. Burson, Atty. Gen. Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

Kim L. Kirk, Woods & Woods, Nashville, for defendant/guardian ad litem Kathleen Harris.

Jon S. Jablonski, Nashville, for defendant/guardian ad litem for Connie Marie Harris.

Jean Crowe, Nashville, for defendant/appellee Thomas Harris.

John Michael Thompson, Nashville, for defendant/guardian ad litem Kathleen Harris.

## OPINION

REID, Chief Justice.

This case presents for review the assessment of *guardian ad litem* fees as court costs against the Tennessee Department of Human Services in a proceeding for the termination of parental rights initiated by the Department. The case is remanded for re-adjudication of costs.

The Department filed a petition to terminate the parental rights of the father and the mother of a minor, pursuant to T.C.A. § 37–1–147 (1991), after the child had been found to be dependent and neglected. The record does not show the specific statutory ground on which the petition was based; however, the record indicates that the father has been incarcerated for an offense involving abuse of the child. Also, though not specifically appearing as a finding of fact, the record indicates that the child and the parents are indigent. Upon motion of the Department, the trial court, pursuant to Rules 4.04(2) and 17.03 of the Tennessee Rules of Civil Procedure, appointed an attorney as *guardian ad litem* for the minor and another attorney as *guardian ad litem* for the mother, who was alleged in the petition to be incompetent. At the appropriate times, the *guardians ad litem* submitted statements in the amounts of $3,505 and $4,140 for services rendered, calculated at $100 per hour. The trial court approved the amounts as reasonable and assessed the fees, as court costs, against the Department.

The Court of Appeals reversed, but holding only that the trial judge was without authority to assess the costs against the state agency. The appeal of the *guardians ad litem* insists that the fees were assessed properly. The Department contends that the fees must be paid, if at all, by the county.

T.C.A. §§ 37–1–147 *et seq.* set forth the several grounds and the procedure for terminating parental rights to a minor. T.C.A. § 37–1–149(a) (1991) provides for the appointment of a *guardian ad litem* for a child who is the subject of a termination proceeding. It states, in part:

> The court at any stage of a proceeding under this part, on application of a party or on its own motion, shall appoint a guardian ad litem for a child who is a party to the proceeding if such child has no parent, guardian or custodian appearing on such child's behalf or such par-

ent's, guardian's or custodian's interests conflict with the child's or in any other case in which the interests of the child require a guardian....

Rule 17.03 also provides for the appointment of *guardians ad litem* for children and for incompetent persons. It states, in part:

... The court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires. The court may in its discretion allow the guardian ad litem a reasonable fee for his services, to be taxed as costs.

T.C.A. § 37–1–150 (Supp. 1992) authorizes the assessment of costs, including *guardian ad litem* fees, against the county. It also authorizes the assessment of a child's *guardian ad litem* fees against the Department in a specific category of cases. That section provides, in part:

(a) The following expenses may be a charge upon the funds of the county upon certification thereof by the court:

.   .   .   .   .

(3) Reasonable compensation for a guardian ad litem except that in the case of indigents the state, through the department of human services, shall pay for the guardian ad litem required by § 37–1–149 for proceedings arising under part 4 of this chapter; provided, that no compensation ordered to be paid by the department shall exceed the maximum amount of one hundred dollars ($100) per day of hearing, with a maximum total compensation for all days of five hundred dollars ($500) as allowed by subsection (e) for attorneys appointed to represent juveniles accused of being delinquent.

■ The first consideration in determining if the fees can be charged against a state agency is that the statutory power to assess costs against the state is in derogation of the state's sovereignty and must be strictly construed. *State ex rel. Chanaberry v. Stooksbury*, 176 Tenn. 687, 689, 145 S.W.2d 775, 776 (1940). Consequently,

general statutes regarding the taxation of costs are not sufficient authority to tax costs against the state. Rule 54.04(1) of the Tennessee Rules of Civil Procedure, provides that court costs may be taxed against the state only when specifically authorized. That rule states:

Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the state, its officers, and agencies shall be imposed only to the extent permitted by law.

■ The appellants acknowledge that the above rules and statutes do not authorize the payment of fees of $100 per hour, even though those fees have been found to be reasonable compensation for services rendered. They insist, however, that authority can be found in T.C.A. § 20–12–134, read together with Rule 17.03, to authorize the action taken by the trial court in this case. T.C.A. § 20–12–134 provides:

In all cases where any civil action is brought on behalf of the state, in law or equity, and the state shall be adjudged to pay all costs, such costs shall be paid out of the treasury, upon the same being properly certified.

The effect of such an interpretation would be to allow the taxation of *guardian ad litem* fees, without limitation as to amount except as deemed reasonable by the court, against the state in all cases initiated by the state, except in proceedings arising under Title 37, Chapter 1, part 4, which is titled "Mandatory Child Abuse Reports." In cases arising under that part, the per day and per case limitations on the award of fees would be applicable. The legislative history of the statute does not support that interpretation. The general provision authorizing the assessment of *guardian ad litem* fees against the county was enacted in 1970. *See* 1970 Tenn.Pub.Acts 600, § 49. The exception allowing the taxation of *guardian ad litem* fees against the Department in proceedings arising under part 4 relating to the reporting of child abuse was added in 1977. *See* 1977 Tenn.

Pub.Acts 482, § 7; T.C.A. § 37–1–150(a)(3). The obvious intent of the legislature was to allow the limited award of *guardian ad litem* fees against the state only in those excepted cases, rather than to allow fees unlimited as to amount in all other cases initiated by the state. This construction is also consistent with the rule of construction that where there is a conflict between a special statute and a general statute, the special statute will be given effect. *Watts v. Putnam County,* 525 S.W.2d 488, 492 (Tenn.1975); *Continental Tennessee Lines, Inc. v. McCanless,* 209 Tenn. 324, 354 S.W.2d 57, 58–59 (1962).

The result is that the fee allowed the *guardian ad litem* for the mother and the fee in the amount allowed the *guardian ad litem* of the child cannot be assessed against the Department. If it should be found that the parents were indigent and the petition was based on grounds set forth in part 4, the child's *guardian ad litem* fees could be charged against the Department, subject to the limitations as to amounts in T.C.A. § 37–1–150(a)(3). That determination may be made, if necessary, on remand.

The judgments of the trial court and the Court of Appeals are set aside and the case is remanded to the trial court for the assessment of costs at trial and on appeal and for any further proceedings that may be necessary.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.