# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 25, 2001

## STATE OF TENNESSEE v. CHARLES R. FRANCIS

**Appeal from the Criminal Court for Morgan County**
**No. 8564      E. Eugene Eblen, Judge**

**September 19, 2001**

**No. E2000-02599-CCA-R3-CD**

In an indictment returned by the Morgan County Grand Jury, Defendant, Charles R. Francis, was charged with fourth offense DUI. Count 1 of the indictment alleged that the triggering offense of DUI occurred on December 10, 1998. Count 2 of the indictment alleged that he had previously been convicted of DUI on three separate occasions in Morgan County, Tennessee. The Defendant entered a "blind plea" to DUI, fourth offense, and sentencing was submitted to the trial court for a later hearing. At the sentencing hearing, the trial court ruled that Defendant was convicted of the Class E felony of DUI, fourth offense, ordered a sentence of two (2) years, with service by split confinement of 150 days in the county jail, and the balance of the sentence to be served in the Community Corrections program. Asserting that he should have been sentenced for commission of a Class A misdemeanor DUI, fourth offense, rather than a Class E felony, Defendant has appealed. The original judgment entered by the trial court reflected conviction of a Class A misdemeanor, but the judgment was later amended to reflect conviction of a Class E felony, in accord with the trial court's ruling at the conclusion of the sentencing hearing. We affirm the amended judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker, District Public Defender; and Walter B. Johnson, II, Assistant Public Defender, for the appellant, Charles R. Francis.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; J. Scott McCluen, District Attorney General; Roger Delp, Assistant District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

The Defendant argues that the trial court erroneously ruled that his fourth offense DUI should be classified as a Class E felony, pursuant to Tennessee Code Annotated section 55-10-403(a)(1). Specifically, Defendant contends that, in order for the offense to be classified as a Class E felony, one of the prior violations, as alleged in count 2 of the indictment, must have occurred after July 1, 1998, the effective date of an amendment to Tennessee Code Annotated section 55-10-403(a)(1). The relevant portion of that statute, as amended effective July 1, 1998, reads as follows:

> Notwithstanding any other provision of law to the contrary, the fourth or subsequent conviction shall be a Class E felony punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000); by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate range of a Class E felony; and the court shall prohibit the person from driving a motor vehicle for a period of five (5) years. For the provisions of the preceding sentence to apply, at least one (1) of the violations of § 55-10-401 must occur on or after July 1, 1998.

Tenn. Code Ann. § 55-10-403(a)(1) (Supp. 2000). The State argues on appeal that the plain language of the statute requires that a defendant have only one violation to occur on or after July 1, 1998. The State further asserts that had the legislature intended to require that one of a defendant's *prior* violations occur on or before July 1, 1998, it would have stated such, as it did in subsection (k)(2) of § 55-10-403. Tenn. Code Ann. § 55-10-403(k)(2) states:

> In order for the provisions of subdivision (k)(1) to be applicable to a vehicle, the violation making the vehicle subject to seizure and forfeiture must occur in Tennessee *and at least one (1) of the previous violations must occur on or after January 1, 1997*, and the second offense after January 1, 1997, occurs within five (5) years of the first offense occurring after January 1, 1997. (emphasis added).

It is undisputed in the record that all three of the "prior violations," which are alleged in count 2 of the indictment, were for violations which occurred prior to July 1, 1998. Thus, only the "triggering offense," alleged in count 1 of the indictment, occurred after July 1, 1998.

Whether or not Defendant received proper notice in any of his "prior convictions" that a subsequent conviction might lead to a felony conviction, is not presented as an issue in this appeal. The very narrow and specific issue presented is as follows: Does at least one of the "prior convictions," which triggers a "fourth offense DUI" have to be for a conviction for an offense which occurred after July 1, 1998, or is it only required that just the fourth offense occur on or subsequent to July 1, 1998? We conclude that the plain language of the statute does not require one of the three "prior" offenses to occur on or after July 1, 1998.

This Court's role in construing a statute is to determine and to "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). We must determine the legislative intent from the plain language of the statute, "read in context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997). As a matter of statutory construction, a specific statutory provision will control over a more general statutory provision. Matter of Harris, 849 S.W.2d 334, 337 (Tenn. 1993). Moreover, a statute is generally presumed to operate *prospectively*, unless the legislature indicates a specific intention otherwise. State v. Brimmer, 876 S.W.2d 75, 82 (Tenn. 1994)(emphasis added).

We find that the statutory language in § 55-10-403(a)(1) is unambiguous, and clearly conveys the legislature's intent. The amended provision distinctly states that "*at least one* (1) of *the violations* of § 55-10-401 must occur on or after July 1, 1998." Tenn. Code Ann. § 55-10-403(a)(1) (emphasis added). The language, "the violations," does not make a distinction between the prior enhancing violations and the "fourth or subsequent charges." As argued by the State, the legislature has previously added limiting language to statutes when it chose to limit the time frame or the application of a statute, but it declined to provide such limits to amended § 55-10-403(a)(1). Unlike subsection (k)(2), subsection (a)(1) of 55-10-403 does not require that the prior or previous violations occur before a particular date. Therefore, we must apply the basic tenet that "where the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposefully in the subject included or excluded." See State v. Loden, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995).

The Defendant argues that the trial court's ruling declaring the fourth offense DUI to be a Class E felony, contradicts the provisions of Tennessee Code Annotated section 55-10-403(g)(1) which states as follows:

> (g)(1) Any person convicted of an initial or subsequent offense shall be advised, in writing, of the penalty for second and subsequent convictions, and, in addition, when pronouncing sentence the judge shall advise the defendant of the penalties for additional offenses. Written notice by the judge shall inform the defendant that a conviction for the offense of driving under the influence of an intoxicant committed in another state shall be used to enhance the punishment for a violation of § 55-10-401 committed in this state.

As stated above, the issue of whether or not Defendant received proper notice in any of his prior convictions is not presented in this appeal. Our holding that the trial court properly entered judgment that Defendant was convicted of a Class E felony does not contradict the provisions of Tennessee Code Annotated section 55-10-403(g)(1).

## CONCLUSION

For a fourth offense DUI conviction to be classified as a Class E felony, only the last, or fourth offense need be for a violation occurring on or after July 1, 1998. Therefore, the amended judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE