IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 6, 2010 Session

IN RE JOSEPH A.

Appeal from the Circuit Court for Hamilton County
No. 05-D-0799      W. Jeffrey Hollingsworth, Judge

No. E2009-00924-COA-R3-CV - FILED AUGUST 4, 2010

This proceeding began in the Hamilton County Juvenile Court when the Department of Children's Services ("DCS") filed a petition seeking to have Joseph A. (the "Child") declared dependent and neglected based on allegations of abuse committed by Douglas A. ("Father"). Katheryn B. ("Mother") was allowed to intervene. A guardian ad litem was appointed on the Child's behalf. The Juvenile Court found the Child to be dependent and neglected, and Father appealed that finding to the Circuit Court. While this case was pending in the Circuit Court, DCS voluntarily dismissed the original petition. Thereafter, the guardian ad litem filed a motion seeking payment of attorney fees and costs. The Circuit Court granted this motion and entered a judgment against DCS for the guardian ad litem's fees and expenses. DCS appeals. We vacate the order taxing the guardian ad litem fees and costs against DCS and remand for further proceedings.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Vacated; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Douglas Earl Dimond, Senior Counsel, Nashville, Tennessee, for the Appellant, State of Tennessee, Department of Children's Services.

Robert B. Pyle, Chattanooga, Tennessee, Guardian ad Litem.

# MEMORANDUM OPINION[1]

## Background

Mother and Father were divorced in March of 2002. The Child, their only offspring, currently is eleven years old. At the time of the divorce, Mother was designated the Child's primary residential parent, although she and Father originally agreed to equal co-parenting time. The relationship between Mother and Father has been and remains contentious. Prior to and since the granting of the divorce, there have been serious allegations made with respect to the parenting ability and fitness of both parents. The technical record in this case consists of over five hundred pages of pleadings and reports by health care professionals and therapists regarding allegations of abuse toward the Child, primarily allegations of sexual abuse by Father.

The present lawsuit involves a petition filed by DCS seeking to have the Child declared dependent and neglected. While these proceedings were pending in the Juvenile Court, in November of 2002, DCS requested a guardian ad litem be appointed pursuant to Tenn. Code Ann. § 37-1-150 and that the guardian be compensated pursuant to that statute and applicable rules. A few days later, the Juvenile Court appointed a guardian ad litem for the Child "with the fees to be assessed between the parents at the conclusion."

In October 2004, the original guardian ad litem filed a motion seeking to withdraw from the case because he had secured new employment as a staff member at the Juvenile Court. The motion to withdraw was granted and pursuant to the Juvenile Court's order, the "Office of the Clerk shall appoint a new Guardian *ad litem* in this matter." Although there is nothing in the record to show that a new guardian ever was properly appointed, Robert B. Pyle ("Pyle") took over as the Child's guardian ad litem.

The Juvenile Court eventually found the Child to be dependent and neglected based on Father's alleged conduct, and that finding was appealed by Father to the Circuit Court for a *de novo* hearing. In May of 2005, Mother apparently realized that even though Pyle was acting as a guardian for the Child, no order had been entered officially appointing Mr. Pyle as guardian ad litem. Mother, therefore, filed a motion which states:

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[P]ursuant to Tenn. Code Ann. § 36-6-101, et seq., [Mother] moves the Court to appoint a guardian ad litem to represent the interest of the minor child. . . . [Mother] would show that Robert B. Pyle had been acting as guardian ad litem for the minor child and it would be in the child's best interest for him to continue to do so.

Two weeks later, the Circuit Court instructed the attorneys in this case to submit an agreed order appointing Pyle as guardian ad litem. Apparently, no agreed order ever was submitted, but Pyle continued to act as guardian. While the appeal was pending in Circuit Court, DCS decided to dismiss its original petition and filed a motion requesting the Circuit Court grant a dismissal. A hearing was held on the motion to dismiss, following which the Circuit Court entered an order, as amended, stating as follows:

This is an appeal from the Juvenile Court of Hamilton County. The State of Tennessee ("the State") acting through its Department of Children's Services, was the Plaintiff in the Juvenile Court proceedings. [Father] was the Defendant in the Juvenile Court proceedings and the appellant in this Court.

The parties appeared before this Court on October 13, 2008, at which time the State announced its intention to dismiss the petition it had originally filed in the Juvenile Court. The Guardian ad Litem and counsel for the mother of the child involved objected.

Based upon the law and argument of counsel, this Court finds the State's motion to be well founded and therefore,

1. it is Ordered that the State's motion to dismiss its petition is **Granted**; and

2. the State's petition is hereby **Dismissed**. (emphasis in the original)

The amended order was entered on December 3, 2008.

Following entry of the December 3, 2008, order dismissing the State's petition, Pyle filed a motion seeking payment of his attorney fees and costs. Pyle sought to have his fees and expenses allocated between the various parties. Pyle's motion was filed on January

-3-

5, 2009.[2]  A hearing was conducted on the motion, following which the Trial Court entered an order in favor of Pyle which states as follows:

> This cause came to be heard on the 16th day of February, 2009 . . . on the Motion for Fees for the Guardian ad Litem and it appearing to the Court that the original action was filed by the Tennessee Department of Children's Services in the Hamilton County Juvenile Court where the matter was adjudicated in the Department's favor, appealed by the Appellant to this Court, and then was non-suited by the Department which effectively dismissed this action and it further appearing that the accounting for time and expenses is reasonable and that the Guardian ad Litem should be paid $6,280.00 for fees incurred and $87.96 to reimburse his expenses.
>
> It is therefore ORDERED, ADJUDGED and DECREED that a judgment for these costs be and hereby [is] entered against the Tennessee Department of Children's Services in favor of the Guardian . . . in the amount of $6,367.96 for which execution may issue [if] necessary. . . .

DCS appeals claiming the Trial Court "erroneously assessed the Guardian ad Litem's attorney fees against the State because it lacked any constitutional or statutory authority to do so."[3]

## Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them.  *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001).  With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts."  *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

_____

[2] This motion was filed 33 days after entry of the amended order dismissing the petition.  Thirty days after entry of the amended order would have been Friday, January 2, 2009.

[3] The parties to this appeal are only DCS and the Guardian ad Litem.  Neither Mother nor Father were required to or did file a brief.

-4-

This appeal is significantly complicated by the fact that there is no order appointing Pyle as the guardian ad litem in the record. The reason for this is no such order ever was filed in either the Juvenile Court or Circuit Court, although there is no doubt that everybody understood that Pyle was acting as guardian. Thus, we cannot be certain pursuant to which statute or rule Pyle was appointed as guardian. This is important because it could affect the procedure under which Pyle is to seek payment for his fees and expenses. For example, if the parents were deemed indigent and Pyle was appointed pursuant to Tenn. Code Ann. § 37-1-149, then he would need to seek payment of his fees in accordance with Rule 13 of the Rules of the Supreme Court. *See* Tenn. Code Ann. § 37-1-150(a)(3) (the state shall pay for the guardian ad litem when the parents are indigent and the "supreme court shall prescribe by rule the nature of the expense for which compensation may be allowed . . . ."). We note that when DCS originally requested appointment of a guardian, it requested that the guardian's fees be paid by the state in accordance with the above statute and applicable rules, presumably including Supreme Court Rule 13.

Although not entirely clear, it appears on appeal that Pyle is seeking payment of his fees pursuant to Tenn. R. Civ. P. 17.03, which provides as follows:

> **17.03. Infants or Incompetent Persons.** – Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, or if justice requires, he or she may sue by next friend. The Court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires. *The court may in its discretion allow the guardian ad litem a reasonable fee for services, to be taxed as costs.* (emphasis added)

If his fees can be taxed as costs against DCS pursuant to this rule, then Pyle must comply with Tenn. R. Civ. P. 54.04 which states, in relevant part, that:

> **54.04 Costs.**– (1) Costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs, but costs against the state, its

officers, or its agencies shall be imposed only to the extent permitted by law.

(2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: . . . guardian ad litem fees . . . . Subject to Rule 41.04, a party requesting discretionary costs *shall file* and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal. . . . (emphasis added)

On appeal, DCS argues, among other things, that if Pyle is seeking payment of fees pursuant to Rule 54.04, and even assuming DCS can be made to pay guardian ad litem fees pursuant to that rule, Pyle's motion nevertheless was not timely filed because it was filed 33 days after entry of the final judgment. DCS never raised this issue before the Trial Court.

The typical manner for a guardian ad litem to seek payment of fees by the state is through Rule 13 of the Rules of the Supreme Court. However, there is nothing in the record to indicate that Pyle ever sought payment pursuant to Rule 13. Because we cannot determine pursuant to what authority Pyle actually was appointed, we cannot determine if he should have sought payment in accordance with Rule 13 and whether his fee request would have been capped pursuant to that Rule. Based on the record, it appears that Pyle was seeking payment through Tenn. R. Civ. P. 54.04, which requires the request be filed within thirty days of entry of the final judgment, which it was not. The Circuit Court's order is unclear as to whether it was awarding fees pursuant to Rule 54.04 and does not address whether the state can be required to pay guardian ad litem fees pursuant to that rule.

Because we cannot ascertain the statute or rule pursuant to which Pyle was appointed guardian ad litem, and because we cannot determine which statute or rule was utilized by the Circuit Court when awarding Pyle his fees and expenses, we vacate the Circuit Court's judgment against DCS and remand this case to the Circuit Court for resolution of these issues. In so doing we note that "[t]he first consideration in determining if [guardian ad litem] fees can be charged against a state agency is that the statutory power to assess costs against the state is in derogation of the state's sovereignty and must be strictly construed." *See Matter of Harris*, 849 S.W.2d 334, 336 (Tenn. 1993).

We express no opinion on any remaining issues raised by either DCS or Pyle.

-6-

## Conclusion

The judgment of the Trial Court is vacated and this cause is remanded to the Circuit Court of Hamilton County for further proceedings consistent with this Opinion and for collection of the costs below. Exercising our discretion, costs on appeal are taxed one-half to the Appellant, State of Tennessee, Department of Children's Services, and one-half to the Appellee, Robert B. Pyle, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE