IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2017 Session

**IN RE ASHTON B.**

**Appeal from the Chancery Court for Shelby County**
**No. CH-13-1503-3  Walter L. Evans, Judge**

_____

**No. W2017-00372-COA-R3-PT**

_____

The partial guardian of the child appeals the trial court's order assessing the totality of the guardian ad litem's fees to it following the denial of the partial guardian's termination of parental rights petition. Because guardian ad litem's fees may be assessed against parties pursuant to Rules 17.03 and 54.04 of the Tennessee Rules of Civil Procedure in parental termination proceedings, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ANDY D. BENNETT and BRANDON O. GIBSON, JJ., joined.

Kevin W. Weaver, Cordova, Tennessee, for the appellant, Bethany Christian Services of West Tennessee, Inc.

Janika N. White, Memphis, Tennessee, Guardian Ad Litem.

**OPINION**

**Background**

On October 4, 2013, Appellant Bethany Christian Services of West Tennessee, Inc. ("Bethany") filed a petition to terminate the parental rights of a child in its custody. The petition alleged that the child's mother had previously surrendered her rights to Bethany, resulting in an order of partial guardianship of the child to Bethany. The petition further alleged several grounds for termination of the child's father's ("Father") parental rights. On October 16, 2013, Father filed a pro se answer generally denying that termination was appropriate. On October 18, 2013, Bethany filed a motion requesting that the trial court appoint a guardian ad litem for the child pursuant to Tennessee

Supreme Court Rule 13, section 1(d)(2)(D). The trial court thereafter entered an order appointing Appellee Janika White ("the GAL") as the child's guardian ad litem, citing Tennessee Supreme Court Rule 13, section 1(a)(2)(D). Counsel was later also appointed to represent Father.

An evidentiary hearing on the petition to terminate parental rights occurred in July 2015. The GAL was present at the hearing on behalf of the child. Eventually, on August 28, 2015, the trial court entered an order denying the petition, finding no grounds to support termination. The order specifically asserted that the GAL would be awarded a reasonable fee as a court-appointed attorney. Following the denial of the termination, the GAL continued to be involved in the litigation, making recommendations as to a transition plan for the return of the child to Father as directed by the trial court. Bethany appealed the trial court's denial of the termination petition to this Court, which affirmed the decision of the trial court. *See In re Ashton B.*, No. W2015-01864-COA-R3-PT, 2016 WL 981320 (Tenn. Ct. App. Mar. 15, 2016), *perm. app. denied* (Tenn. July 6, 2016).

Following this Court's decision, the GAL filed a motion in the trial court to be awarded attorney fees pursuant to Tennessee Supreme Court Rule 40A. The GAL requested a total of $9,615.00 in fees, as well as $104.81 in travel expenses to be paid by Bethany.[1] The trial court heard the motion on July 1, 2016; counsel for Bethany was not present. Bethany filed a response in opposition to the fees on July 7, 2016, asserting that the motion was improper because fees in this case were governed by Tennessee Supreme Court Rule 13, rather than Rule 40A. On July 8, 2016, the trial court entered an order awarding the GAL the full amount of her requested fees. In its order, the trial court noted that counsel for Bethany had previously informed the trial court that he could not be present for the scheduled hearing date, but that he wished to be present. The trial court also stated that "[a]fter review of the [c]ourt's pleadings, it appears to the [c]ourt that no objections to the [] motion have been filed[.]"

On July 13, 2016, Bethany filed a motion to alter or amend the trial court's award of fees, arguing that the fees were improperly awarded and that the GAL had been informed prior to the July 1 hearing of Bethany's objection to the requested fees. Thereafter, the trial court entered an order setting aside its July 8 order awarding guardian ad litem fees. The parties convened for a second hearing on the motion for guardian ad litem fees on July 22, 2016. On January 13, 2017, the trial court, without citing any specific rules or statutes in support of the award, entered an order again awarding the

---

[1] The fee request indicated that the total amount represented 64.1 hours billed at a rate of $150.00 per hour.

GAL the entire amount of her requested fees and expenses to be paid solely by Bethany.[2]
From this order, Bethany appeals.

## Issues Presented

Bethany raises two issues in this appeal, which are taken from its appellate brief:

1.      Whether the trial court erred in awarding guardian ad litem fees that exceed the compensation maximum limit pursuant to Tennessee Supreme Court Rule 13.
2.      Whether the trial court erred in ordering Bethany to be solely responsible for the payment of fees for a guardian ad litem appointed pursuant to Tennessee Supreme Court Rule 13.

## Standard of Review

The trial court's determination to assess guardian ad litem fees is reviewed under the abuse of discretion standard. *See **In re Landon H.***, No. M2011-00737-COA-R3-PT, 2012 WL 113659, at \*10 (Tenn. Ct. App. Jan. 11, 2012) (citing ***Keisling v. Keisling***, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005)). As the Tennessee Supreme Court explained:

> An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. ***State v. Lewis***, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. ***State v. Ostein***, 293 S.W.3d 519, 526 (Tenn. 2009); ***Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.***, 249 S.W.3d at 358; D*oe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d at 42.
>
> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. ***Flautt & Mann v.***

---

[2] There is no explanation in the record for the nearly six month delay between the second hearing on the GAL's motion and the entry of the order granting fees.

*Council of Memphis*, 285 S.W.3d 856, 872–73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 *525 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d at 212.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524–25 (Tenn. 2010). Thus, to the extent the trial court's decision rests on the interpretation of rules or statutes, we review that interpretation de novo with no presumption of correctness. *See Gallatin Hous. Auth. v. Pelt*, No. M2015-01694-COA-R3-CV, 2017 WL 2172917, at *2 (Tenn. Ct. App. May 16, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017) (citing *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011)).

## Analysis

This appeal involves two issues: (1) whether the trial court was authorized to assess guardian ad litem's fees against Bethany, as the partial legal guardian of the child and petitioner in this case; and (2) whether, in assessing the fees, the trial court erred in requiring that Bethany be responsible for the totality of the fees incurred by the GAL. Our analysis in this case must begin with the appointment of the guardian ad litem. Here, the trial court's order appointing the guardian ad litem specifically references Rule 13 of the Tennessee Supreme Court Rules. Indeed, Tennessee courts have long held that Rule 13 mandates that trial courts appoint guardians ad litem for all children who are subject to parental termination proceedings. *See generally In re Carrington H.*, 483 S.W.3d 507, 534 (Tenn. 2016), *cert. denied sub nom. Vanessa G. v. Tennessee Dep't of Children's Servs.*, 137 S. Ct. 44, 196 L. Ed. 2d 28 (2016) ("[T]he trial court . . . appoints an attorney as guardian ad litem for children in parental termination proceedings.")(citing *In re Adoption of D.P.E.*, No. E2005-02865-COA-R3-PT, 2006 WL 2417578, at *2 (Tenn. Ct. App. Aug. 22, 2006) (holding that the requirement that the trial court appoint a guardian ad litem in this situation stems from Rule 13)); *Newsome v. Porter*, No. M2011-02226-COA-R3-PT, 2012 WL 760792, at *2 (Tenn. Ct. App. Mar. 7, 2012) (holding that Rule 13 mandates that trial courts appoint guardians ad litem for children who are the subject of termination proceedings); *In re Adoption of Gracie M.M.*, No. M2009-01609-COA-R3-PT, 2010 WL 22814, at *1 (Tenn. Ct. App. Jan. 5, 2010) (same); *Lyon v. King*, No. M2007-01156-COA-R3-PT, 2008 WL 490657, at *3 (Tenn. Ct. App. Feb. 22, 2008) (same); *In re A.D.C.*, No. E2006-00771-COA-R3-PT, 2007 WL 677882, at *1 (Tenn. Ct. App. Mar. 7, 2007) (same).

Rule 13 contains the following relevant language:

In the following proceedings, and in all other proceedings where required by law, the court or appointing authority shall advise any party without counsel of the right to be represented throughout the case by counsel and that counsel will be appointed if the party is indigent and, except as provided in (C) and (D) below, requests appointment of counsel.

\* \* \*

(D) Proceedings to terminate parental rights. The court shall appoint a guardian ad litem for the child, unless the termination is uncontested. The child who is or may be the subject of proceedings to terminate parental rights shall not be required to request appointment of counsel. A single guardian ad litem shall be appointed to represent an entire sibling group unless the court finds that conflicting interests require the appointment of more than one guardian. For purposes of this subsection, the compensation limits established in section 2 apply to each guardian ad litem appointed rather than to each child.

Tenn. Sup. Ct. R. 13, § 1(d)(2). Section 2 of Rule 13 outlines the compensation limits applicable to counsel appointed under Rule 13, stating that "[a]ppointed counsel, other than public defenders, shall be entitled to reasonable compensation for services rendered as provided in this rule. Reasonable compensation shall be determined by the court in which services are rendered, subject to the limitations in this rule, which limitations are declared to be reasonable." Tenn. Sup. Ct. R. 13, § 2(a)(1). For guardians ad litem appointed in termination of parental rights proceedings, compensation is limited to $40.00 per hour for out-of-court time and $50.00 per hour for in-court time, Tenn. Sup. Ct. R. 13, § 2(c)(1),  with a maximum limit of $1,000.00. Tenn. Sup. Ct. R. 13, § 2(d)(5)(C).[3]

Bethany argues that Rule 13 therefore mandates that the guardian ad litem's fee be: (1) limited to the amount authorized by Rule 13; and (2) paid by the Administrative Office of the Courts ("AOC") as contemplated by Rule 13. *See generally* Tenn. Sup. Ct. R. 13, § 6 (governing the procedure to obtain payment of claims from the AOC). Bethany notes that nothing in Rule 13 specifically authorizes the trial court to assess fees against a parent or legal guardian responsible for the child. Although not mentioned in Bethany's brief to this Court, we note that unlike compensation to attorneys appointed to represent

---

[3] This limit may be increased to $2,000.00 where the case is properly certified and approved as extended and complex. *See* Tenn. Sup. Ct. R. 13, §2(e)(1).

criminal defendants, Rule 13 has no express provision requiring trial courts to determine whether parties are able to defray the costs of guardians ad litem appointed pursuant to Rule 13 in termination of parental rights cases. *See* Tenn. Sup. Ct. R. 13, § 1(e)(4)(E) ("When the court appoints counsel pursuant to this subsection [i.e., for criminal defendants] . . . . the court shall consider the financial ability of the indigent party to defray a portion or all of the cost for representation by the public defender or a portion or all of the costs associated with the provision of court appointed counsel[.]"). Rule 13, however, cannot be read in a vacuum. Instead, we must consider other statutes and rules on this subject, which should be construed together to promote consistency and uniformity. *See **State v. Hughes***, 512 S.W.2d 552, 553 (Tenn. 1974) ("[O]ne of the cardinal  rules of statutory construction that requires that statutes similar in subject matter be construed so as to make the legislative scheme operate in a consistent and uniform manner.").

In the trial court, the GAL relied upon Tennessee Supreme Court Rule 40A as support for the fee award in this case. Bethany asserts, however, that Rule 40A is inapplicable because it does not apply to contested parental termination proceedings. We agree. Rule 40A does provide specific rules allowing guardians ad litem to recover fees and expenses depending on the financial abilities of the parties. *See* Tenn. Sup. Ct. R. 40A, § 11(a)(5). Additionally, Rule 40A's guidelines apply to all guardians ad litem appointed in "custody proceedings." Tenn. Sup. Ct. R. 40A, § 2. For purposes of Rule 40A, however, custody proceedings is expressly defined as "a court proceeding, other than an abuse or neglect proceeding, in which legal or physical custody of, access to, or visitation or parenting time with a child is at issue, including but not limited to divorce, post-divorce, paternity, domestic violence, and contested adoptions." Tenn. Sup. Ct. R. 40A, § 1(a). The rule makes clear that the exclusion concerning "abuse and neglect proceeding[s]" applies also to "a court proceeding in which termination of parental rights is at issue." Tenn. Sup. Ct. R. 40A, § 1(b). Thus, where the case involves a contested termination proceeding, Rule 40A simply does not apply. *See **Newsome***, 2012 WL 760792, at *2 (distinguishing between a guardian ad litem appointed in a Rule 40A proceeding and a guardian ad litem appointed in a contested termination proceeding). There can be no dispute that this case involved only a contested termination proceeding. As such, Rule 40A is inapplicable.

The GAL asserts, however, that other law supports the assessment of fees in this case. Specifically, the GAL cites several rules and statutes in support of the assessment of fees in this case.[4] First, Tennessee Code Annotated section 20-12-119 provides: "In all

---

[4] These rules and statutes are included in the GAL's brief to this Court, but do not appear to have been cited in the GAL's motion to be awarded fees in the trial court. "It is the duty of this Court to apply the controlling law, for which there is a basis in the record, whether or not cited or relied upon by the parties." ***Kocher v. Bearden***, No. W2016-02088-COA-R3-CV, 2017 WL 2080396, at *5 (Tenn. Ct. App.

civil cases, whether tried by a jury or before the court without a jury, the presiding judge shall have a right to adjudge the cost." Tenn. Code Ann. § 20-12-119(a). The trial court has discretion to apportion the costs between the litigants as "the equities of the case demand." Tenn. Code Ann. § 20-12-119(b). These costs include reasonable and necessary guardian ad litem fees. Tenn. Code Ann. § 20-12-119(b). Other than one Court of Appeals decision in which this Court's judgment was set aside by the Tennessee Supreme Court, no other Tennessee courts have cited section 20-12-119 as a basis for the assessment of guardian ad litem fees to a party in a termination of parental rights proceeding. *See Matter of Harris*, No. 01-A-019102-CV-00030, 1991 WL 135014, at *5 (Tenn. Ct. App. July 24, 1991), *judgment set aside*, 849 S.W.2d 334 (Tenn. 1993)).

Likewise, Rule 17.03 of the Tennessee Rules of Civil Procedure provides:

> Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. . . . The Court shall at any time after the filing of the complaint appoint a guardian ad litem to defend an action for an infant or incompetent person who does not have a duly appointed representative, or whenever justice requires. The court may in its discretion allow the guardian ad litem a reasonable fee for services, to be taxed as costs.

Thus, Rule 17.03 specifically authorizes reasonable guardian ad litem fees to be assessed as costs. In at least one case, this Court has held that Rule 17.03's provision regarding assessment of costs authorized a trial court to assess guardian ad litem fees against a party to a parental termination proceeding in excess of the amount allowed by Tennessee Supreme Court Rule 13. *In re Landon H.*, No. M2011-00737-COA-R3-PT, 2012 WL 113659, at *10 (Tenn. Ct. App. Jan. 11, 2012) (affirming the trial court's decision to require the father to pay one-half of the guardian ad litem's fees based upon Rule 17.03). Indeed, it appears from the Opinion that in addition to assessing fees against the father, the trial court likewise assessed the fees partially against the children's legal guardians, who were the parties seeking termination. *Id.* (quoting the trial court as ruling that "the [g]uardian a[d] [l]item is hereby awarded attorney's fees which are reasonable and necessary . . . ; therefore, a joint and several judgment is granted against [the legal guardians] and [the father] in the amount of $6,392.57").

Finally, Rule 54.04 of the Tennessee Rules of Civil Procedure provides that some costs may be allowed to the prevailing party in the trial court's discretion, including

May 15, 2017) (quoting *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 658 n.1 (Tenn. 1990)); *see also* Tenn. R. Evid. 202(a) (requiring Tennessee courts to take judicial notice of, *inter alia*, all Tennessee statutes and rules adopted by the Tennessee Supreme Court).

guardian ad litem fees. Tenn. R. Civ. P. 54.04(2). Rule 54.04 has also previously been cited by this Court as support for the assessment of guardian ad litem fees against the non-prevailing party in a termination of parental rights case where the party assessed the fees was able to pay the fees. First, more than twenty years ago, this Court rejected an argument by the father of a child that a termination proceeding was "not a proper case for the assessment of the guardian ad litem fees against him*." In Matter of McCoy*, No. 03A01-9604-CH-00143, 1996 WL 599703, at \*7 (Tenn. Ct. App. Oct. 21, 1996). We rejected Father's argument, however, holding that assessment of guardian ad litem fees was specifically authorized by Rule 54.04 and that the trial court therefore had discretion to award the fees. *Id.* (affirming the trial court's assessment of guardian ad litem fees against the father where his rights were terminated by the trial court). More recently, this Court was faced with a similar circumstance in *In re Jackson G.*, No. M2013-02577-COA-R3-PT, 2014 WL 3844793 (Tenn. Ct. App. Aug. 4, 2014). In *Jackson*, the father of two children appealed the termination of his parental rights, as well as the trial court's decision "in allocating both the entire guardian ad litem fee and portions of [m]other's costs for litigation to him." *Id.* at \*9. This Court affirmed the trial court, however, concluding that the assessment of guardian ad litem fees was authorized by Rule 54.04. *Id.* Because the mother had prevailed in her effort to terminate the father's parental rights, the father was more able to bear the costs of the guardian ad litem, and the termination of father's relationship with the children placed him in a better financial position, this Court determined that the trial court did not abuse its discretion in assessing the entire cost of the guardian ad litem to the father. *Id.*

Based on the foregoing, it is clear that trial courts are authorized by Rules 17.03 and 54.04 to assess guardian ad litem fees against the parties in termination of parental rights proceedings, notwithstanding the limits placed on compensation contained in Tennessee Supreme Court Rule 13. Here, both *In re Jackson G.* and *In re Landon H.* were decided well after Rule 13's mandate to appoint guardians ad litem in termination of parental rights proceedings had been enshrined in Tennessee law. *See Carrington H.*, 483 S.W.3d at 534 (citing *In re T.B.L.*, No. M2005-02413-COA-R3-PT, 2006 WL 1521122, at \*2 (Tenn. Ct. App. June 2, 2006)) (noting that this Court has recognized the right to the appointment of a guardian ad litem in termination proceedings under Rule 13 as early as 2006). Thus, this Court has previously allowed guardian ad litem fees to be assessed as costs to non-indigent parties even where the appointment of the guardian ad litem was mandated by Rule 13. *See In re Jackson G.*, 2014 WL 3844793; *In re Landon H.*, 2012 WL 113659, at \*10. Likewise, the decision in both *In re Jackson G.* and *In re Landon H.* illustrate that the guardian ad litem fees that may be awarded under Rules 17.03 and 54.04 are not limited by the maximum compensation amounts contained in Rule 13. *See In re Jackson G.*, 2014 WL 3844793 (requiring the father to pay the entire fee of the guardian ad litem); *In re Landon H.*, 2012 WL 113659, at \*10 (requiring the parties to pay a fee in excess of the compensation limits contained in Rule 13).

Indeed, we must read Rule 13 as a whole and in light of its general purpose. ***State v. Turner***, 913 S.W.2d 158, 160 (Tenn. 1995) (citing ***City of Lenoir City v. State ex rel. City of Loudon***, 571 S.W.2d 297, 299 (Tenn. 1978)) ("In interpreting statutes, we are required to construe them as a whole, read them in conjunction with their surrounding parts, and view them consistently with the legislative purpose."); *see **State v. Rowland***, 520 S.W.3d 542, 544 (Tenn. 2017) (holding that in construing rules adopted by the Tennessee Supreme Court, courts apply the same rules of construction applicable to statutes). The purpose of Rule 13 is evident from its language: to provide a means of compensation for attorneys appointed to represent indigent parties: *See, e.g.,* Tenn. Sup. Ct. R. 13, § 1(a) (noting the purpose of the rule is "to provide for the appointment of counsel in all proceedings in which an **indigent party** has a statutory or constitutional right to appointed counsel); 1(c) (directing trial courts to "appoint counsel to represent **indigent defendants** and other parties who have a constitutional or statutory right to representation (herein "**indigent party**" or "defendant") according to the procedures and standards set forth in this rule"); 1(d)(1) (directing trial courts to advise parties "that counsel will be appointed if the party is **indigent**"); 1(f)(1) ("**Indigent parties** shall not have the right to select appointed counsel.") (emphasis added). Nothing in Rule 13, however, specifically provides that guardians ad litem may not seek compensation from non-indigent parties as has been authorized by other Tennessee law, including Rule 17.03 and Rule 54.04. As such, we discern no prohibition in Rule 13 to the assessment of reasonable and necessary guardian ad litem fees against a non-indigent party pursuant to Rules 17.03 and 54.04, as the assessment of such fees has been specifically authorized by those rules.[5]

Having determined that the assessment of guardian ad litem's fees is authorized in a termination of parental rights proceeding, we next consider whether the trial court abused its discretion in awarding the fees in this case. *See **In re Jackson G.***, 2014 WL

---

[5] The parties also argue regarding the applicability of Tennessee Code Annotated section 37-1-150, a statute concerning the assessment of guardian ad litem fees in juvenile court proceedings. *See* Tenn. Code Ann. § 37-1-150 (d)(1) ("If, after due notice to the parents, legal custodians or guardians, and after affording them an opportunity to be heard, the court finds that they are financially able to pay all or part of the costs and expenses stated in subdivisions (a)(1)-(5) [i.e., reasonable compensation for a guardian ad litem], the court may order them to pay the same and prescribe the manner of payment."). This Court has previously held that section 37-1-150 provides authorization for a guardian ad litem to seek compensation beyond the limits contained in Rule 13 in a dependency and neglect action originating in juvenile court. *See **In re Jackson H.***, No. M2014-01810-COA-R3-JV, 2016 WL 6426742, at *7 (Tenn. Ct. App. Oct. 28, 2016), *perm. app. denied,* (Tenn. Feb. 15, 2017) ( "Rule 13 does not limit the fees that may be awarded to the GAL in this case[.]"). The Tennessee Supreme Court has cited section 37-1-150 in at least one parental termination case; however, that case originated with a dependency and neglect finding in juvenile court. *See **Matter of Harris***, 849 S.W.2d 334, 337 (Tenn. 1993) (applying the statute in a termination case in "Law Court"). Given our holding herein, we need not determine the applicability of section 37-1-150 to the facts of this case.

3844793 (applying the abuse of discretion standard to the question of whether trial court should have assessed guardian ad litem fees against a party); ***In re Landon H.***, 2012 WL 113659, at *10 (same); ***In Matter of McCoy***, 1996 WL 599703, at *7 (same). As a preliminary matter, we note that this matter was initiated by Bethany as the partial legal guardian of the child. *See* Tenn. Code Ann. § 36-1-102(24)(A) (defining a co-guardian as a person appointed "to provide supervision, protection for and care for the person or property, or both, of a child or adult"). Ultimately, however, Bethany's petition was not successful in terminating Father's parental rights. Furthermore, Bethany does not dispute on appeal that it is "solvent" and therefore not indigent. The only other party to this case was Father, who had been declared indigent. Thus, it appears that Bethany is far more financially able to bear the costs associated with the guardian ad litem. *C.f.* Tenn. Code Ann. § 36-1-126(b) (outlining rules for determining a party's indigence, which rules provide that in determining a child's indigence, the court should determine whether "the child, the child's parents, legal custodians or guardians are financially able to defray a portion or all of the cost of the child's representation").[6] Finally, we note that Bethany does not assert on appeal that the GAL's requested fee was unreasonable or unnecessary. Based upon the totality of the circumstances, we cannot conclude that the trial court abused its discretion in assessing the totality of the GAL's fee to Bethany.

### Conclusion

The judgment of the Shelby County Chancery Court is affirmed and this cause is remanded to the trial court for further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Bethany Christian Services of West Tennessee, Inc., and its surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[6] Bethany does not argue on appeal that its financial ability is not a relevant consideration in this case.